THE MAY DEPARTMENT STORES COMPANY, APPELLEE, *v* BOARD OF REVISION OF CUYAHOGA COUNTY ET AL., APPELLEES; CLEVELAND BOARD OF EDUCATION, APPELLANT.

[Cite as May Dept. Stores v. Bd. of Revision (1977), 49 Ohio St. 2d 183.]

(No. 76-360—Decided February 23, 1977.)

184

*Messrs. Hahn, Loeser, Freedheim, Dean & Wellman,
Mr. Samuel G. Wellman, Mr. Neil K. Evans* and *Mr. Zachary T. Paris*, for appellee May Company.

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Timothy J. Armstrong,* for appellees Board of Revision of Cuyahoga County and George V. Voinovich, County Auditor.

*Messrs. Kelley, McCann & Livingstone, Mr. Walter C. Kelley, Mr. Fred. J. Livingstone* and *Mr. Michael L. Gordon,* for appellant.

HERBERT, J. R. C. 5715.11 provides:

"The county board of revision shall hear complaints relating to the evaluation or assessment of real property as the same appears upon the tax duplicate of the then current year. The board shall investigate all such complaints and may increase or decrease any such valuation or correct any assessment complained of, or it may order a reassessment by the original assessing officer."

R. C. 1.47(C) provides that in enacting a statute it is presumed that a "just and reasonable result is intended."

The question presented by this appeal is whether the sole and original complainant before a county board of revision may withdraw its complaint when the withdrawal is attempted under the circumstances which prevailed below.

There is no statute or rule of the Board of Tax Appeals directly regulating withdrawal of a complaint from a board of revision. Similarly, in the case of *Jones* v. *Securities & Exchange Comm.* (1936), 298 U. S. 1, the relevant federal Act contained no provision concerning registration statement withdrawal from the Securities and Exchange Commission. In that case, the Supreme Court went to the practice and rules of courts to determine by analogy the scope of the power to deny a motion to dismiss.

In *Jones,* the court explained that the power of a commission to refuse the dismissal of a proceeding on motion of the one instituting it could be no greater than the power which at that time might have been exercised in similar

circumstances by judicial tribunals. The court's holding followed the common law rule "that the right to dismiss is unqualified unless the dismissal would legally prejudice the defendants in some other way than by future litigation of the same kind."[33] *Jones, supra,* at pages 21-22.

The procedure generally to be followed by the courts of this state in the exercise of civil jurisdiction is that an action may be dismissed by the plaintiff without order of court by filing a notice of dismissal at any time prior to trial, unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by the defendant. Civ. R. 41(A)(1)(a). The current parallel rule on the federal level (adopted subsequent to *Jones*) provides that an action may be dismissed by the plaintiff without order of court by filing a notice of dismissal at any time prior to service by the adverse party of an answer or of a motion for summary judgment, whichever occurs first. Federal Rule of Civil Procedure 41 (a)(1)(i).

Appellee May Company contends that it was a party to the board of education's appeal to the Board of Tax Appeals, wherein a decision was entered requiring the board of revision to set the matter down for hearing on the merits and to allow May Company to submit evidence. Upon remand, that evidence was offered and dealt with the value of the subject property. Furthermore, May Company asserts that it filed an application for reduction, and argues that if these proceedings are allowed to have been dismissed at that point, it will be deprived of its right to a hearing on the issue of the correctness of the assessments and will be barred from obtaining any tax refund to which it might be entitled. In May Company's view, it was a party to the

---

[33]"The holding [in *Jones*] that the applicant had the right to withdraw his registration was based on an analogy with the right of plaintiffs in proceedings before the courts. Generally the plaintiff has the absolute right to dismiss his bill without prejudice." Recent Decisions, 23 Va. L. Rev. 88 (1936). But, see, *Beckner* v. *Stover* (1969), 18 Ohio St. 2d 36, 247 N. E. 2d 300.

board of revision proceedings, and since it would have been prejudiced by dismissal of the board of education's complaints the Board of Tax Appeals correctly decided that the controversy should proceed to a merit hearing. We disagree.

R. C. 5715.13 provides that a board of revision shall not decrease any valuation complained of unless the party affected makes and files with the board a written application for the decrease, setting forth the facts relied upon to justify the action sought. R. C. 5715.30 states that the Board of Tax Appeals shall prescribe for and furnish to each county's board of revision blank forms for all complaints, notices of appeal, and all other documents authorized or required by any law relating to the assessment, levy, or collection of taxes, or to the reduction of taxes. R. C. 5715.29 establishes the duty of the Board of Tax Appeals to cause these forms to be utilized.

By an entry dated September 1, 1966, the Board of Tax Appeals, acting under the pertinent provisions of R. C. 5715.29 and 5715.30, prescribed Board of Revision Form No. 1 (also referred to as BTA Form 1). This form was to be used by taxpayers in filing complaints for the tax year 1966 and thereafter, and was to be employed in conjunction with R. C. 5715.19, the statute prescribing the requirements for lodging complaints against a tax valuation or assessment. The form expressly cautioned prospective complainants of the need under R. C. 5715.13 and 5715.19 to properly set out the facts justifying the requested reduction.[4]

R. C. 5715.19 was construed in *Stanjim Co.* v. *Bd. of Revision* (1974), 38 Ohio St. 2d 233, 313 N. E. 2d 14, certiorari denied 419 U. S. 1109. Appellants in that case claimed that a failure to fully complete the form could not be

---

[4]Board of Revision Form No. 1 was revised by the Board of Tax Appeals, effective December 15, 1974. In its order, the board again expressly provided that the form was "* * * to be used by complainants in filing complaints under the provisions of R. C. Sections 5715.13 and 5715.19, as to the valuation or assessment of real property for taxation * * *."

the basis of dismissal of real property assessment complaints because the documents before the board of revision were sufficient to satisfy the requirements of R. C. 5715.13 and 5715.19. However, *Stanjim* held that comprehensive compliance with R. C. 5715.13 and 5715.19 is required before a board of revision is empowered to act upon the merits of a claim. See, also, *Griffith* v. *Bd. of Revision* (1975), 44 Ohio St. 2d 225, 339 N. E. 2d 817.[5]

It is our determination that May Company's application of February 18, 1975, fails to meet the standards of R. C. 5715.13 and 5715.19, and that, under *Stanjim*, the company never became a party to the board of revision proceeding. Since May Company was not a party to the matter initiated by the board of education's complaints, we decline to hold that May Company's rights were prejudiced by the withdrawal of those complaints.

In our review of this cause we conclude that where the sole and original complainant before a board of revision seeks to withdraw the complaint, the withdrawal is permissible unless it will prejudice the rights of other parties to the proceeding.

The decision of the Board of Tax Appeals is reversed.

*Decision reversed.*

O'NEILL, C. J., CELEBREZZE, DAY, P. BROWN, SWEENEY and LOCHER, JJ., concur.

DAY, J., of the Eighth Appellate District, sitting for W. BROWN, J.

---

[5]We consider May Company's attempt to rely upon the opinion of this court in *Cardinal Federal S. & L. Assn.* v. *Bd. of Revision* (1975), 44 Ohio St. 2d 13, 336 N. E. 2d 433, to be inappropriate, since that case is distinguishable upon its facts.