CITY COMMISSION OF THE CITY OF SPRINGFIELD, APPELLEE,
*v.* BETHEL TOWNSHIP OF CLARK COUNTY ET AL.,
APPELLANTS.

[Cite as Springfield v. Bethel Township (1980),
61 Ohio St. 2d 132.]

(No 79-99—Decided January 30, 1980.)

Mr. *David R. Collins,* deputy law director, for appellee.
Mr. *James A. Berry,* prosecuting attorney, and *Mr. David E. Smith,* for appellants.

*Per Curiam.* Appellants contend that the board erred in excluding testimony allegedly relevant to the relative need of Clark County and its political subdivisions for the undivided local government fund because it was unrelated to the specific issue raised in Springfield's notice of appeal. They allege that the scope of the hearing in an appeal from a decision of a county budget commission apportioning its local government fund is not limited to those issues specified in the notice of appeal, but is *de novo.*

Before December 20, 1971, the board unquestionably heard and determined the apportionment *de novo* in the place of, and as if it were, the budget commission. *Brooklyn* v. *Cuyahoga County Budget Comm.* (1965), 2 Ohio St. 2d 181, paragraph two of the syllabus. Then, however, the appeals were brought under R. C. 5739.25. On December 20, 1971, R. C. 5739.25 was replaced by R. C. 5747.55. The board believes that R. C. 5747.55 limits its authority to deciding only the specific issues raised in the notice of appeal. R. C. 5747.55, particularly the parts dealing with the contents of

the notice of appeal, however, is basically only a codification of former B.T.A. Rule 1-06.[1] Thus, we cannot conclude that the General Assembly intended to limit the scope of the hearing by adopting R. C. 5747.55. The board, therefore, erred in excluding the testimony.

[1] "BTA-1-06 Appeals from actions of county budget commissions:

"When an appeal is filed with the Board of Tax Appeals under the provisions of Section 5705.37, Revised Code:

"(A) The notice of appeal shall be signed by the authorized fiscal officer of the taxing authority or clerk of the appellant library as set out in Section 5705.37, Revised Code, and shall set forth in clear and concise language:

"(1) A statement of the action of the budget commission complained of and the date of the receipt by the appellant of the official certificate or notice of such action,

"(2) The error or errors the appellant believes the budget commission made,

"(3) The specific relief sought by said taxing district or library, and

"(4) The mailing address of the person signing the notice of appeal.

"(B) The notice of appeal shall have attached thereto:

"(1) A certified copy of the resolution of the appellant authorizing the fiscal officer or library clerk to file said appeal.

"(2) An exact copy of the official certificate, or notice of the action of the budget commission complained of.

"(3) An exact copy of the budget request filed with the budget commission by the complaining subdivision or library with the date of filing noted thereon.

"(C) If the appeal is from a Local Government Fund or Classified Property Tax Fund allocation order made by the budget commission, the appellant must name as appellees all other subdivisions authorized to participate in the allocation, and, in the event the appellant wishes to appeal the allocation order with respect to both the Local Government Fund and the Classified Property Tax Fund, a separate notice of appeal must be filed with respect to each fund allocation complained of. There shall also be attached to the notice of appeal a statement:

"(1) showing the name of the fund involved, the total amount in dollars allocated, and the exact amount in dollars allocated to each participating subdivision or library;

"(2) showing the amount in dollars which the complaining subdivision believes should have been allocated to it;

"(3) showing the name of each subdivision or library authorized to participate in the allocation and the name and correct mailing address of the fiscal officer or library clerk thereof.

"(D) If an appeal involves millage inside or outside the constitutional limitation, the appeal can not be combined with a Local Government Fund appeal or a Classified Property Tax Fund appeal. In an appeal involving millage the appellant must name the budget commission and each political subdivision which could be affected by the appeal, if the appellant were to prevail, as parties appellees.

"(E) Each appellee must be served with a copy of the notice of appeal by the appellant, and proof of such service filed with the Board of Tax Appeals, and the name and correct mailing address of each fiscal officer thereof must likewise be filed with the Board of Tax Appeals by the appellant."

Appellants also allege that the board erroneously decided that all of Springfield's 2 percent income tax is an additional tax voted by its electorate within the meaning of R. C. 5747.51(E)(4). The statute excludes revenues from such taxes in determining a subdivision's relative need.[2] In *Youngstown Pk. Bd.* v. *Budget Comm.* (1971), 26 Ohio St. 2d 153, this court held that, where a 1 percent income tax had been levied by legislative authority and the electorate then approved a 1.5 percent tax, only the additional .5 percent is an additional tax voted by the electorate where the 1 percent tax would have continued if the electorate had failed to approve the increased rate. Here, Springfield had a 1 percent income tax levied by legislative authority, .6 percent of which continued when the electorate approved its reduction by .4 percent. Thus, we cannot conclude that the electorate's decision to reduce the tax by .4 percent constitutes an entire repeal of the existing tax by the electorate. Therefore, only 70 percent of the 2 percent city income tax is an additional tax voted by the electorate.

Accordingly, the decision of the Board of Tax Appeals, being unreasonable and unlawful, is, therefore, reversed.

*Decision reversed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

---

[2] R. C. 5747.51(E)(4) also provides that "* * * where the charter of a municipality prohibits the levy of an income tax, income tax levied by the legislative authority of such municipality pursuant to an amendment of the charter of that municipality to authorize such a levy represents an additional tax voted by the electorate of that municipality.* * *"