BUDGET COMMISSION OF BROWN COUNTY, APPELLANT, *v.* VILLAGE OF GEORGETOWN, APPELLEE, ET AL.

[Cite as Budget Comm. of Brown Cty. *v.* Georgetown (1986), 24 Ohio St. 3d 33.]

(No. 85-1283—Decided May 21, 1986.)

34

*R. Alan Corbin,* prosecuting attorney, for appellant.
*Thomas F. Grennan,* for appellee.

DOUGLAS, J.  The primary issue raised by the parties is whether R.C. 5747.51(J) provides the sole method by which official notice to subdivisions may be given for purposes of determining the timeliness of an R.C. 5705.37 appeal, or whether R.C. 5705.37 provides for a permissible alternative form of notice. For the reasons set forth below, we hold that, pursuant to the express terms of R.C. 5705.37, the permissible time in which to perfect an appeal to the Board of Tax Appeals may be triggered by a subdivision's receipt of either the official certificate as set forth in R.C. 5705.37 or by receipt of notice as defined in R.C. 5747.51(J).

R.C. 5747.51 outlines the procedures involved in the allocation of the undivided local government fund by budget commissions. Division (J) of this provision requires that within ten days after a budget commission has made its apportionment:

"* * * [T]he auditor shall publish a list of the subdivisions and the amount each is to receive from the undivided local government fund and the percentage share of each subdivision, in a newspaper or newspapers of county-wide circulation, and send a copy of such allocation to the commissioner of tax equalization.

"The county auditor shall also send by certified mail, return receipt requested, a copy of such allocation to the fiscal officer of each subdivision entitled to participate in the allocation of the undivided local government fund of the county. This copy shall constitute the official notice of the commission action referred to in section 5705.37 of the Revised Code. * * *"

R.C. 5747.55 provides the method by which an apportionment by the budget commission may be appealed, as follows:

"The action of the county budget commission under section 5747.51 of the Revised Code may be appealed to the board of tax appeals in the manner and with the effect provided in section 5705.37 of the Revised Code * * *."

The relevant portion of R.C. 5705.37, referred to above, provides as follows:

"The taxing authority of any subdivision which is dissatisfied with any action of the budget commission may, through its fiscal officer, appeal to the board of tax appeals within thirty days after the receipt by such subdivision of the official certificate or notice of such action of said commission. * * *"

Appellee asserts that when read *in pari materia,* these statutory provisions manifest the intent of the legislature to provide for appeals from

actions of the budget commission only when notice is received thereof, in accordance with the specific statutory requirements for notice relevant to such actions. Appellee contends that R.C. 5705.37 is a general grant of the right to appeal from a decision of the county budget commission. As such, notice by way of certificate, pursuant to that provision, is not sufficient to trigger the thirty-day appeal time since R.C. 5747.51 and 5747.55 provide specific procedures for appealing decisions regarding the allocation of local government funds. We disagree.[4]

This court held in *Painesville* v. *Lake County Budget Comm.* (1978), 56 Ohio St. 2d 282, 284 [10 O.O.3d 411], that:

"The right to appeal an allocation of a local government fund to the Board of Tax Appeals is created by statute. (R.C. 5747.55.) Therefore, if * * * [appellee] has failed to comply with the appropriate statutory requirements, the board lacks subject-matter jurisdiction to hear the appeal."

In addition, it is well-established law in Ohio that " '* * * [w]here a statute confers the right of appeal, adherence to the conditions thereby imposed is essential to the enjoyment of the right conferred.' " *Queen City Valves, Inc.* v. *Peck* (1954), 161 Ohio St. 579, 581 [53 O.O. 430], citing *American Restaurant & Lunch Co.* v. *Glander* (1946), 147 Ohio St. 147, 150 [34 O.O. 8]. R.C. 5747.55 states that an appeal thereunder may be taken "in the manner" provided in R.C. 5705.37. Pursuant to the express terms of R.C. 5705.37, appellees must perfect an appeal to the Board of Tax Appeals within thirty days of the receipt of *either* the "official certificate *or* notice" of such action. While R.C. 5747.51(J) defines "notice" as set forth in R.C. 5705.37, it does not provide that such "notice" is the exclusive manner by which the jurisdiction of the board may be invoked. Such a construction of R.C. 5747.51(J) would defy the obvious meaning of R.C. 5705.37, which identifies two separate and distinct methods of initiating the running of the thirty-day appeal time. Accordingly, we find this contention of appellee to be without merit.

Appellee also contends that the official certificate received by it is insufficient as a form of notice. Appellee argues that while this certificate provides information regarding the undivided local government fund as a potential source of revenue, it is not effective in giving subdivisions notice of the commissioner's actions relative to the allocation and apportionment of such funds among them. Further, appellee claims that since such certificate is, by statute, subject to amendment, a subdivision may erroneously conclude that at the time of its making, there was no anticipated revenue from the local government fund and that a new certificate would

---

[4] Initially we note that even were this court to construe these provisions as appellee suggests, we could only conclude that the board would still have lacked jurisdiction to hear this case. That is, if R.C. 5747.51(J), in fact, provides the only proper form of notification for purposes of appeal, appellee, having never been so notified, did not and does not have the right to appeal under R.C. 5705.37.

be issued later if funds became available. Again, we find appellee's arguments unpersuasive.

A review of the official certificate delivered to the fiscal officer of the village of Georgetown on December 23, 1983, not only establishes that it complies with the statutory requirements of R.C. 5705.34 and 5705.35, but more importantly, it apprises appellee of the fact that it was not receiving any funding from the undivided local government fund. In addition, this certificate cited the statutory provision authorizing the budget commission to exclude a subdivision from such funding, R.C. 5705.30, in the space normally provided for an amount from the undivided local government fund. Finally, appellee did not file an appeal with the Board of Tax Appeals until May 22, 1985. This was nearly fourteen months after appellant's letter of March 27, 1984 expressly notified appellee that no distribution of local government funds would be made due to appellee's failure to submit the requisite budget.

Accordingly and for the reasons stated above, we find that the board committed error in not granting appellant's motion to dismiss on the basis of lack of jurisdiction and we hereby reverse the board's decision and enter final judgment for appellant.

*Decision reversed.*

LOCHER, HOLMES, C. BROWN and WRIGHT, JJ., concur.

CELEBREZZE, C.J., and HOFFMAN, J., dissent.

HOFFMAN, J., of the Fifth Appellate District, sitting for SWEENEY, J.

CELEBREZZE, C.J., dissenting. This appeal was not untimely and should not have been dismissed. The majority's reliance on R.C. 5705.37 is misplaced. The instant case concerns a determination by the appellant budget commission that no funds were to be allocated to appellee's undivided local government fund. The relevant statute which deals specifically with this allocation process is R.C. 5747.51.

This statute sets forth in detail the exact procedures with which a budget commission must comply when allocating local government funds, from the initial estimate (R.C. 5747.51[A]) to the final notice of its action which must be sent to each subdivision (R.C. 5747.51[J]). As R.C. 5747.51(J) expressly states, the auditor is required to send by certified mail a copy of the budget commission's allocation to the fiscal officer of each subdivision. The subsection clearly provides that *"[t]his copy shall constitute the official notice of the commission action"* (emphasis added) so as to commence the running of the thirty-day period for filing an appeal pursuant to R.C. 5705.37.

Appellant apparently had not read R.C. 5747.51(J), for, by its own ad-

mission, it did not send the proper notice to appellee. The Brown County Auditor testified as follows at the hearing before the Board of Tax Appeals:

"A. * * * At that time I was following the procedures that had been handed down by my own predecessors in office, and I learned later that we were not in full compliance with the certified mailing notice, as is required by [R.C.] 5747.51.

"The only specific notice to the participating subdivision as to their allocation of local government funds was contained on this certificate of estimated revenues * * *.

"* * *

"The Witness: * * * That was the only notice that any subdivision was receiving, under the practices of the budget commission at that time. We have since changed procedures, to be more in compliance with [R.C.] 5747.51."

The notice requirement of R.C. 5747.51(J) is simple, straightforward and, to my mind, clearly specifies that the only proper notice of budget commission action pursuant to R.C. 5747.51 is certified mail notice of a copy of the commission's allocation. When the proper form of notice is unmistakably stated within the very statute governing appellant's apportionment of the local government fund, there is no reason for the majority to read into this statute an alternative permissible method of notice.

The appellee in the instant case still had not received the proper certified mail notice when it became evident that no further action was forthcoming from the commission. Appellee then had no choice but to seek review of the commission's apparent determination to deny distribution, regardless of the fact that the thirty-day appeal period had not even been triggered by proper notice, or it would have been left with nothing. Thus, the Board of Tax Appeals did have jurisdiction to hear this appeal.

Although I believe that the board possessed jurisdiction over appellee's appeal, I would reverse that portion of the board's decision which found that appellee was entitled to an allocation of the undivided local government fund. This finding was based on a consideration of the merits of appellant's decision to deny apportionment because appellee had failed to submit a budget.

The cause before the board on April 2, 1985 was a motion to dismiss appellee's appeal on grounds it was not timely filed. At the bottom of the hearing notice, the board noted that "the hearing is for the purpose of hearing any evidence adduced by the parties with respect to the motion only; no evidence will be heard, considered or received with respect to the merits of the case. If and in the event the motion to dismiss * * * is denied, the cause will be subsequently scheduled with respect to the merits of the subject case."

Despite this professed intent to decide only the motion to dismiss, the board's decision rendered June 16, 1985 also decided the merits of the ap-

peal. Appellant's pre-hearing statement indicated that it planned to call twenty-two witnesses at trial on the merits. Only one of these witnesses testified during the hearing on the motion to dismiss. The board's decision on the merits was clearly outside the scope of the hearing on the motion to dismiss. I would, therefore, reverse that portion of the board's decision pertaining to the merits of this appeal and remand the cause to the board for proper adjudication at a full hearing.

For the foregoing reasons, I respectfully dissent.

HOFFMAN, J., concurs in the foregoing dissenting opinion.