CITY OF CINCINNATI, APPELLEE, *v.* BUDGET COMMISSION OF HAMILTON COUNTY; CITY OF WYOMING, APPELLEE; HAMILTON COUNTY, APPELLANT.

[Cite as Cincinnati *v.* Budget Comm. of Hamilton Cty. (1988), 35 Ohio St. 3d 252.]

(No. 86-2053—Decided March 16, 1988.)

*Richard A. Castellini,* city solicitor, and *Nancy H. Simmons,* for appellee city of Cincinnati.

*Arthur M. Ney, Jr.,* prosecuting attorney, and *Thomas J. Scheve,* for appellant.

*Santen, Shaffer & Hughes* and *Franklin A. Klaine, Jr.,* for appellee city of Wyoming.

*Per Curiam.* Relying on *Springfield* v. *Bethel Twp.* (1980), 61 Ohio St. 2d 132, 15 O.O. 3d 165, 399 N.E. 2d 1237, and *Cincinnati* v. *Budget Comm. of Hamilton Cty.* (1986), 25 Ohio St. 3d 137, 25 OBR 184, 495 N.E. 2d 396, the county argues that the BTA should have reviewed the cross-assignment of error. Cincinnati argues that it was the only party that had perfected an appeal and that the dismissal of its notice of appeal prior to the commencement of the hearing conformed to the rules of the BTA. Appellee city of Wyoming agrees with Cincinnati, stating further that an appellant may dismiss an appeal to the BTA as of right at any time prior to the hearing.

The right to appeal granted by R.C. 5705.37[1] is statutory, and an appellant must follow the statute. *Budget Comm. of Brown Cty.* v. *Georgetown* (1986), 24 Ohio St. 3d 33, 24 OBR 76, 492 N.E. 2d 826; *Cincinnati* v. *Budget Comm.* (1979), 59 Ohio St. 2d 43, 13 O.O. 3d 32, 391 N.E. 2d 734; *Painesville* v. *Lake Cty. Budget Comm.* (1978), 56 Ohio St. 2d 282, 10 O.O. 3d 411, 383 N.E. 2d 896. In *South Russell* v. *Geauga Cty. Budget Comm.* (1984), 12 Ohio St. 3d 126, 12 OBR 167, 465 N.E. 2d 876, we held that a taxing authority must file a notice of appeal with the BTA in each year that an action by the budget commission is questioned if it expects to be granted relief in each of those years.

Appellant's reliance on *Springfield* v. *Bethel Twp., supra,* and *Cincinnati* v. *Budget Comm. of Hamilton Cty.* (1986), *supra,* is misplaced. As we observed in the latter case, budget

---

[1] R.C. 5705.37, in pertinent part, states:

"The taxing authority of any subdivision which is dissatisfied with any action of the budget commission may, through its fiscal officer, appeal to the board of tax appeals within thirty days after the receipt by such subdivision of the official certificate or notice of such action of said commission. In like manner, but through its clerk, the board of trustees of any public library of a subdivision whose fiscal officer is a member of the budget commission, or any nonprofit corporation or library association maintaining a free public library which has adopted and certified rules and regulations under section 5705.28 of the Revised Code, may appeal to the board of tax appeals. * * *"

commission allocation appeals do not "require the Board of Tax Appeals to hear any issue raised by anyone at any time, * * * [but each appeal does] require it to review the facts and laws germane to its determination." 25 Ohio St. 3d at 141, 25 OBR at 188, 495 N.E. 2d at 400. In *Springfield* and *Cincinnati* (1986), *supra,* a hearing had properly commenced upon the timely filing of a notice of appeal. In a budget commission allocation appeal, no party has a burden of proof, and no party will lose its allocation for failure to sustain its burden of proof. The allocation must and will be made. *Brooklyn* v. *Cuyahoga Cty. Budget Comm.* (1965), 2 Ohio St. 2d 181, 31 O.O. 2d 398, 207 N.E. 2d 764. The BTA, though, must consider all evidence and issues properly before it. *Cincinnati* v. *Budget Comm. of Hamilton Cty.* (1986), *supra.*

The case here was dismissed pursuant to Ohio Adm. Code 5717-1-41.[2]

The county did not invoke the jurisdiction of the BTA by filing a timely notice of appeal, and it had no rights prejudiced when the BTA dismissed the appeal of Cincinnati. If the county had filed a timely appeal, it would have been entitled to pursue resolution of its assigned errors. *May Dept. Stores* v. *Bd. of Revision* (1977), 49 Ohio St. 2d 183, 3 O.O. 3d 245, 360 N.E. 2d 697. Since it did not file a timely appeal,[3] the county may not require the BTA to review its assigned errors when the only party that had properly perfected an appeal dismissed it.

Accordingly, the decision of the BTA is affirmed.

*Decision affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

---

[2] Ohio Adm. Code 5717-1-41 states, in pertinent part:

"(A) Voluntary dismissal: effect thereof.

"(1) By appellant: by stipulation. An action may be dismissed by the appellant without order of the board (a) by filing a notice of dismissal at any time before the commencement of hearing, or (b) by filing a stipulation of dismissal signed by all parties or counsel who have appeared in the action.

Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is with prejudice; a notice of dismissal operates as an adjudication upon the merits when filed by an appellant."

[3] The filing of a notice of appeal of a budget commission allocation is more complex than merely listing errors and recalculating needs. See R.C. 5747.55.