WARREN COUNTY PARK DISTRICT, APPELLANT, *v.* WARREN COUNTY BUDGET COMMISSION ET AL., APPELLEES.

[Cite as Warren Cty. Park Dist. *v.* Warren Cty. Budget Comm. (1988), 37 Ohio St. 3d 68.]

(No. 86-2012—Submitted February 9, 1988—Decided May 25, 1988.)

*Smith & Schnacke, William C. Wilkinson* and *John T. Sunderland,* for appellant.

*Timothy A. Oliver,* prosecuting attorney, and *Michael E. Powell,* for appellees Warren County and village of Morrow.

*Per Curiam.* For the reasons that follow, we hold that appellant lacks standing to bring this appeal.

Appellant, a park district, receives a local government fund allocation under R.C. 5747.50 through 5747.55 because it is defined as a "subdivision" in R.C. 5747.01(Q)(1):

"As used in sections 5747.50 to 5747.55 of the Revised Code:

"(1) 'Subdivision' means any county, municipal corporation, park district, or township."

In *Budget Comm. of Brown Cty.* v. *Georgetown* (1986), 24 Ohio St. 3d 33, 24 OBR 76, 492 N.E. 2d 826, we stated

that R.C. 5747.55 grants the right to appeal the apportionment. This section, in pertinent part, states:

"The action of the county budget commission under section 5747.51 of the Revised Code may be appealed to the board of tax appeals in the manner and with the effect provided in section 5705.37 of the Revised Code * * *."

Furthermore, in *Budget Comm. of Brown Cty.*, we held that R.C. 5705.37 states the specific method for pursuing that appeal. We emphasized the language of R.C. 5747.55 which stated the appeal may be taken "in the manner" provided by R.C. 5705.37. Additionally, this appeal is taken "with the effect" provided in R.C. 5705.37.

According to R.C. 5705.37, "[t]he taxing authority of any subdivision which is dissatisfied with any action of the budget commission may, through its fiscal officer, appeal to the board of tax appeals within thirty days after the receipt by such subdivision of the official certificate or notice of such action of said commission.* * *"

R.C. 5705.01 contains definitions of terms applicable to R.C. Chapter 5705. The definition of "subdivision" in R.C. 5705.01(A) does not include a park district, nor does R.C. 5705.01(C) list a "taxing authority" for a park district. A park district is listed as a "taxing unit." R.C. 5705.01(H).[1]

We interpret the above statutes to

---

[1] R.C. 5705.01, in pertinent part, stated:

"As used in Chapter 5705. of the Revised Code:

"(A) 'Subdivision' means any county, municipal corporation, township, township police district, township fire district, joint fire district, joint ambulance district, joint recreation district, township waste disposal district, township road district, community college district, technical college district, detention home district, a district organized under section 2151.65 of the Revised Code, a combined district organized under sections 2151.34 and 2151.65 of the Revised Code, a joint-county mental health service district, a drainage improvement district created under section 6131.52 of the Revised Code, or school district, except the county school district.
"* * *

"(C) 'Taxing authority' or 'bond issuing authority' means, in the case of any county, the board of county commissioners; in the case of a municipal corporation, the council or other legislative authority of the municipal corporation; in the case of a school district, the board of education; in the case of a community college district, the board of trustees of the district; in the case of a technical college district, the board of

trustees of the district; in the case of a detention home district, a district organized under section 2151.65 of the Revised Code, or a combined district organized under sections 2151.34 and 2151.65 of the Revised Code, the joint board of county commissioners of the district; in the case of a township, the board of township trustees; in the case of a joint fire district, the board of fire district trustees; in the case of a joint recreation district, the joint recreation district board of trustees; in the case of a joint-county community mental health service district, the district's mental health board; in the case of a joint ambulance district, the board of trustees of the district; in the case of a union cemetery district, the legislative authority of the municipal corporation and the board of township trustees, acting jointly as described in section 759.341 of the Revised Code; in the case of a drainage improvement district, the board of county commissioners of the county in which the drainage district is located; and in the case of a township police district, a township fire district, a township road district, or a township waste disposal district, the board of township trustees of the township in which the district is located.
"* * *

"(H) 'Taxing unit' means any subdivision or other governmental district having

mean that only those taxing authorities of subdivisions defined in R.C. 5705.01 have standing to appeal the action of a budget commission to the Board of Tax Appeals. R.C. 5747.55 grants the right to appeal, but the appeal is pursued under R.C. 5705.37. The appeal is to be taken in the manner and with the effect provided in R.C. 5705.37. R.C. 5747.55 does not specify who may appeal; this is found only in R.C. 5705.37. Appellant is not an R.C. 5705.01 "subdivision" and, thus, does not have standing.

The BTA did not have jurisdiction to hear this appeal and, consequently, should have dismissed it. *North Olmsted* v. *Bd. of Revision* (1980), 62 Ohio St. 2d 218, 16 O.O. 3d 249, 404 N.E. 2d 757.

Appellant cites *Lake Cty. Budget Comm.* v. *Willoughby Hills* (1967), 9 Ohio St. 2d 108, 38 O.O. 2d 289, 224 N.E. 2d 120, and *Brook Park* v. *Budget Comm.* (1968), 16 Ohio St. 2d 119, 45 O.O. 2d 464, 243 N.E. 2d 77, in support of its standing. In *Lake Cty.*, this court held that a park district need not be named as an appellee if it did not claim a need for current operating expenses. In *Brook Park,* the court ordered a redetermination of a park district's actual needs pursuant to the appeal filed by the park district. Neither case is helpful to appellant since neither addresses the question of standing.

Accordingly, this appeal is dismissed, *sua sponte.*

*Appeal dismissed.*

MOYER, C.J., SWEENEY and LOCHER, JJ., concur.

HOLMES and WRIGHT, JJ., concur separately.

DOUGLAS and H. BROWN, JJ., concur in judgment only.

HOLMES, J., concurring. I feel certain that it will come as a great surprise to the park boards throughout the state that they have no right of appeal under the law of their allocations of the local government fund. I must admit, until this issue was thoroughly reviewed and pertinent statutes analyzed, I was under the same impression that an appeal was available to the park districts from such allocations. However, close scrutiny of these sections will show that the conclusion set forth in this opinion is a correct one.

It must be re-emphasized that the appeals by local subdivisions of the local government fund allocation to such subdivisions are controlled by R.C. 5705.37, and according to this court's prior decision in *Budget Comm. of Brown Cty.* v. *Georgetown* (1986), 24 Ohio St. 3d 33, 24 OBR 76, 492 N.E. 2d 826, such appeals must be brought "in the manner" and "with the effect" of such section of law.

R.C. 5705.37 provides that a "subdivision" is the entity that may appeal such an allocation, and that dissatisfaction over the funding, and thence the appeal, is to be taken by the "taxing authority" of such subdivision through its "fiscal officer."

As pointed out in the majority opinion here, even though a park district is defined within the local government fund definition section, R.C. 5747.01(Q)(1), as a "subdivision," a park district is not listed as a "subdivision" within the definition section

---

authority to levy taxes on the property in the district or issue bonds that constitute a charge against the property of the district, including conservancy districts, metropolitan park districts, sanitary districts, road districts, and other districts.* * *"

of the appellate chapter, R.C. 5705.01, and in like manner a park district is not set forth in such definition section to be a "taxing authority." As noted, a park district is listed as a "taxing unit."

All the above may seem to be a strict interpretation of these statutes, and in so doing, unduly restricts the right of appeal of the park districts in Ohio. However, the plain words of any statute must be given their plain meaning and such is the case here before us.

Park districts throughout Ohio, and most particularly those districts serving our larger metropolitan areas, have become vital public-serving local government entities with ever increasing demands for recreational and educational activities in a natural setting. The economic needs, and therefore the increased budgets, of such park districts, have accordingly grown to proportions as great or greater than a number of the other local government entities in their county. Park districts, in addition to sharing in the distribution of local government funds under R.C. 5747.50 through 5747.55, also have the taxing power to meet some of the budgetary requirements of the districts.

It would seem that the growth of park districts in real estate holdings, development costs, maintenance costs, equipment needs, and personnel costs, and a multitude of other economic needs occasioned by the notably increased public recreational and outdoor-study demands have placed such districts in an ever increasing competition with other local government entities for increased sums from the local government fund. It also seems reasonable that such growth of the park districts in their relative position and importance among other local government subdivisions should give rise to the question as to why these park districts should not be listed as a "subdivision," for purposes of an appeal of such budget commission determination, as are a "township police district," "township fire district," "joint ambulance district," "township waste disposal district," and others. I believe that a reasonable evaluation of the relative stance of all local government subdivisions in this regard would suggest the conclusion that park districts should have such right of appeal available to them.

However, this is a legislative problem, and it behooves those interested parties to begin the legislative process to resolve this problem.

WRIGHT, J., concurs in the foregoing concurring opinion.