[This opinion has been published in *Ohio Official Reports* at 70 Ohio St.3d 46.]

VILLAGE OF NORTH PERRY, APPELLANT, *v*. LAKE COUNTY BUDGET
COMMISSION ET AL., APPELLEES.

[Cite as *N. Perry v. Lake Cty. Budget Comm.*, 1994-Ohio-28.]

*Taxation—Appeals to Board of Tax Appeals on Lake County General Health District assessment—Appeals dismissed for lack of jurisdiciton when appeal not filed within thirty days of receipt of official certificates of resources—R.C. 5705.37, applied.*

(Nos. 93-1552 amd 93-1932—Submitted May 25, 1994—Decided August 3, 1994.)

APPEALS from the Board of Tax Appeals, Nos. 90-J-260, 91-J-279 and 92-B-267, and 93-B-216.

———————————

{¶ 1} The village of North Perry, appellant, appeals the dismissals of its notices of appeal by the Board of Tax Appeals for the budget years 1990, 1991, 1992 and 1993.

{¶ 2} In each of the above years, the Lake County General Health District, appellee, filed a budget with the Lake County Auditor pursuant to R.C. 3709.28. The auditor then transmitted the budget to the Lake County Budget Commission, appellee. The commission approved each budget and returned them to the auditor. The auditor then apportioned the health district's unfunded expenses among the subdivisions composing the district according to each subdivision's taxable valuation and assessed each its portion of the expenses. North Perry was one of these subdivisions.

{¶ 3} For each of these years, North Perry included an estimate of this assessment in the budget it filed with the auditor. The auditor then delivered North Perry's budget to the commission, which approved it. The commission thereafter

issued an official certificate of resources for North Perry. In 1990, the commission issued the 1990 certificate on August 24, 1989, the 1991 certificate on August 21, 1990, the 1992 certificate on August 23, 1991, and the 1993 certificate on August 20, 1992.

{¶ 4} In January 1990, the health district began the 1991 budget process by issuing a letter advising all subdivisions within its district of its proposed 1991 budget. This letter mentioned each subdivision's 1990 actual assessment. North Perry, claiming that this was the first notice of its actual 1990 assessment, appealed from this letter to the Board of Tax Appeals ("BTA") on February 26, 1990, claiming an overassessment for the budget year 1990. North Perry filed appeals from similar letters for budget years 1991 and 1992 on February 28, 1991, February 26, 1992, and January 20, 1993, respectively.

{¶ 5} The BTA dismissed these appeals for lack of jurisdiction. The BTA ruled that the appeals were not timely filed as to any action taken by the commission.

{¶ 6} This cause is now before this court upon appeals as of right.

_____

*Crabbe, Brown, Jones, Potts & Schmidt*, *John P. Kennedy*, *Larry H. James* and *David A. Morton*; *Cannon, Stern, Aveni & Loiacono*, and *James V. Loiacono*, for appellant.

*Steven C. LaTourette*, Lake County Prosecuting Attorney, and *Michael P. Brown*, Assistant Prosecuting Attorney, for appellees.

_____

**Per Curiam.**

{¶ 7} R.C. 5705.37 states:

"The taxing authority of any subdivision that is dissatisfied with any action of the county budget commission may, through its fiscal officer, appeal to the board

of tax appeals within thirty days after the receipt by the subdivision of the official certificate or notice of the commission's action. * * *"

{¶ 8} North Perry claims that the only notice it received of the actual assessment was contained in the letters sent by the health district. Consequently, so it argues, it may appeal from this notice. The commission responds that the appeals were untimely since North Perry filed them more than thirty days after it received notice of the commission's actions and because North Perry attempted to appeal the health district's action, not the commission's action.

{¶ 9} "The right to appeal granted by R.C. 5705.37 is statutory, and an appellant must follow the statute." *Cincinnati v. Budget Comm. of Hamilton Cty.* (1988), 35 Ohio St.3d 252, 253, 520 N.E. 2d 232, 234. In *Budget Comm. of Brown Cty. v. Georgetown* (1986), 24 Ohio St. 3d 33, 24 OBR 76, 492 N.E. 2d 826, syllabus, we stated:

"Pursuant to the express terms of R.C. 5705.37, the permissible time in which to perfect an appeal to the Board of Tax Appeals may be triggered by a subdivision's receipt of either the official certificate as set forth in R.C. 5705.37 or by receipt of notice as defined in R.C. 5747.51(J)."

{¶ 10} The commission, in the instant case, sent the official certificates of resources in August of the year prior to each of the years in dispute. Further, the notice defined in R.C. 5747.51(J) is the published list of the subdivisions and the amount each is to receive from the undivided local governmental fund. The auditor must publish this notice in a local newspaper of countywide circulation, and send it by certified mail to each participating subdivision. This latter notice is not involved in this case.

{¶ 11} Thus, R.C. 5705.37 required North Perry to file its notice of appeal within thirty days of receiving the official certificate of resources. This statute does not provide for filing an appeal from a notice issued by a health district informing subdivisions of its proposed budget, including therein, the actual assessment for the

current year. Since North Perry failed to file its appeals within thirty days of receiving the official certificates of resources, the BTA correctly dismissed the appeals.

{¶ 12} In truth, North Perry had some knowledge of its assessment prior to receiving the official certificates. According to the testimony of North Perry's clerk-treasurer, she attempted, in December 1989, to obtain information on 1990's assessment from the health district to prepare the 1990 budget. North Perry then included an assessment estimate in such budget. Moreover, according to Lake County's Chief Deputy Auditor, who handles the budgeting process for the auditor, North Perry's official certificate of resources reflects the assessment because such amount is deducted from real estate tax revenue to determine the exact amount of that revenue source.

{¶ 13} Accordingly, we affirm the BTA's decisions because North Perry did not file timely appeals for each of the years in question.

*Decisions affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

———————————