[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND ENTRY
{¶ 1} This matter is before the court on an application for reconsideration filed pursuant to App.R. 26(A) by Appellee, Montgomery County Children's Services ("MCCS"). The application concerns our decision sustaining the third assignment of error.
 {¶ 2} MCCS complains that we erred when we issued a mandate to the juvenile court requiring it to order preparation of a reunification case plan while temporary custody continues. MCCS argues that the court's "temporary custody" order was merely intended to continue the status quo ante until further investigations relevant to the petition for permanent custody that MCCS filed could be completed. As such, and because no extension of temporary custody was sought by MCCS pursuant to R.C.2151.415(D), no new reunification case plan is required.
 {¶ 3} We agree. The point of distinction is whether temporary custody ordered results from a motion filed by an agency pursuant to R.C. 2151.415(A), seeking an extension of temporary custody for up to six months. If the court grants the motion, a reunification case plan is then required. That's not what happened here. Essentially, the court continued proceedings on the pending motion for permanent custody, which operated to continue the existing temporary custody the court had previously ordered. The court's articulation that "temporary custody" would continue was superfluous. Further, it didn't amount to an extension ordered by the court that requires a new reunification plan.
 {¶ 4} Applications for reconsideration properly involve an obvious error in the court's decision or a material issue the court should have considered but didn't. Columbus v. Hodge (1987), 37 Ohio St.3d 68. This issue was not presented, at least directly. Our resolution of the issue in our decision is an error, but one that only now has become obvious. Much of the confusion is attributable to the dense and complex procedures in cases of this kind now required by statute. This serves to point out why the General Assembly should avoid procedural requirements in the laws it enacts.
 {¶ 5} The motion for reconsideration is granted. Our decision of September 6, 2002, is modified to hold that the third assignment of error is overruled. Having overruled the other assignments, we therefore Affirm the judgment from which the appeal was taken.
So Ordered.
WILLIAM H. WOLFF, JR., PRESIDING AND ADMINISTRATIVE JUDGE.
JAMES A. BROGAN, JUDGE.
THOMAS J. GRADY, JUDGE.