OPINION
{¶ 1} Plaintiff-appellant, International Association of Fire Fighters, Local 381 ("Local 381") appeal the May 20, 2005 judgment of the Court of Common Pleas, Hancock County, Ohio. In its judgment entry, the trial court granted summary judgment in favor of Local 381 on a declaratory judgment action, finding that Captain Thomas Lonyo, a union member, was the only eligible candidate for an open battalion chief position with the City of Findlay Fire Department ("Department"). However, the trial court refused to issue a writ of mandamus ordering the City to promote Captain Lonyo to that position.
 {¶ 2} The issues in this case surround the examination and promotion procedures within the Department. In May 2000, a battalion chief within the Department announced his intention to retire. As a result of this announcement, the Findlay Municipal Civil Service Commission ("CSC") commenced procedures to fill that vacancy pursuant to R.C. 124.48, which provides:
Whenever a vacancy occurs in a promoted rank in a firedepartment and no eligible list for such rank exists, theappointing authority shall certify the fact to the [CSC], and the[CSC] shall within sixty days of such vacancy conduct acompetitive promotional examination. After such examination hasbeen held, an eligible list shall be established within twentydays of the final date, of the revised rating key or answerinspection date and the [CSC] shall certify to the appointingauthority the name of the person receiving the highest grade.Upon such certification, the appointing authority shall appointthe person so certified within ten days.
 When an eligible list is in existence and a vacancy occurs ina position for which the list was established, the appointingauthority shall certify the fact to the [CSC]. The personstanding highest on such list shall be certified to theappointing authority, and such person shall be appointed withinten days.
However, the collective bargaining agreement ("CBA") entered into between the City of Findlay ("City") and Local 381 specifies certain promotion procedures notwithstanding the civil service statutes. Specifically, Section 11.02 of the CBA provides that following a civil service examination, the CSC "shall provide the Service-Safety Director with the names of the three (3) highest scorers on the [eligibility] list" when a vacancy opens. The CBA also provides that "[i]n the event there are only two (2) candidates available for certification, the [CSC] shall certify the two (2) names." The CBA is silent, however, regarding situations where only one individual is available for certification. Section 11.04 of the CBA then permits a five-person "Promotional Board" to interview the CSC-certified candidates. Each board member then ranks the candidates against each other in several categories, including: education, leadership, decision-making, people skills, personal characteristics, and appearance. The numerical rankings given by the board members in each of the categories are then compiled for each candidate. Then candidate with the lowest point total — representing higher rankings in the various categories — receives the promotion.
 {¶ 3} When the battalion chief position opened, the CSC sent a notice of examination for the position, indicating that an examination would be held on June 15, 2000 and that the examination would result in an eligible list for the battalion chief position that would be certified for two years pursuant to R.C. 124.46. The examination produced only two eligible candidates for the battalion chief position — Captains Thomas Lonyo and Matt Traver. Both captains were certified for the position, their names being the only ones on the eligibility list. Thereafter, interviews were conducted pursuant to the CBA and the battalion chief position was awarded to Captain Traver.
 {¶ 4} One year later, a new battalion chief vacancy opened. Because the previous eligibility list had not expired, Local 381 contacted the City and the CSC seeking to have Captain Lonyo promoted to the position pursuant to R.C. 124.48, as his was the only remaining name on the eligibility list. However, the City and the CSC refused to certify Captain Lonyo for the position, and instead the City ordered the CSC to begin new examination procedures.
 {¶ 5} Local 381 then filed suit in the Hancock County Court of Common Pleas, seeking a declaratory judgment that the current eligibility list is valid and that, since Captain Lonyo is the only remaining eligible employee, he must be appointed to the battalion chief vacancy. The complaint also sought a writ of mandamus ordering the City to promote Captain Lonyo to the vacancy. The complaint named the City of Findlay and the CSC as defendants. However, Captain Lonyo was not listed as a plaintiff and has never been a party to this action.
 {¶ 6} While the suit was pending, the CSC issued a new examination, which Captain Lonyo apparently did not sit for. CSC certified two candidates, who were the only examinees who achieved passing scores. It is unclear from the record whether or not Captain Lonyo was considered for the position based on his previous test scores and interviews — Lonyo's name does not appear on the July 24, 2001 list of officers who were certified for appointment to the vacant position, which was attached as an exhibit to the deposition transcript of Alice Wilmsmeyer of the CSC. However, following the interview process the City subsequently appointed Captain Richard Clark, who was on the list of certified candidates, to the vacant battalion chief position.
 {¶ 7} In the pending lawsuit, the parties filed cross-motions for summary judgment. On March 17, 2004 the trial court granted summary judgment on the declaratory judgment action in favor of Local 381. However, no declaratory judgment was ever entered into by the trial court. Additionally, in granting summary judgment the trial court declared:
The Court accordingly finds that Captain Lonyo should beappointed to the position of Battalion Chief as the onlyremaining eligible candidate on the eligibility list establishedas a result of the June 15, 2000 examination and as such a writof mandamus shall issue commanding the City of Findlay, Ohio tocertify and/or appoint Fire Captain Thomas Lonyo to the positionof Battalion Chief as the only eligible candidate form theeligibility list as a result of the June 15, 2000 examination.
However, the judgment entry also asked counsel for Local 381 to prepare a judgment entry and a writ of mandamus. Neither the entry nor the writ was ever prepared or submitted to the court, and the court never entered into the record a declaratory judgment or a writ of mandamus.
 {¶ 8} Following the court's grant of summary judgment in favor of Local 381, the City filed a motion for reconsideration. The court thereafter filed its May 20, 2005 judgment entry, in which the trial court reaffirmed its grant of summary judgment in favor of Local 381 on the declaratory judgment issue. However, in the new entry the trial court refused to issue a writ of mandamus, citing State ex rel. Pressley v. Industrial Comm'n
(1967), 11 Ohio St.2d 141, 161-62, 228 N.E.2d 631. The court noted that a writ of mandamus ordering the City to promote Captain Lonyo to battalion chief would result in the ouster of Captain Clark from that position, a position in which he had served for nearly four years. The court noted that Clark "did not participate in the impropriety of his being appointed, and his removal may be effected only for cause [under the CBA]." Local 381 now appeals the trial court's May 2005 judgment entry, asserting three assignments of error.
 I. Final Appealable Order {¶ 9} In their first assignment of error, Local 381 asserts:
The trial court erred in entertaining and granting appellees'Motion For Reconsideration when its previous order dated March17, 2004 was a final, appealable order.
 {¶ 10} This issue under this assignment of error is whether the trial court's second judgment entry, granting summary judgment on the declaratory action but failing to order issuance of a writ of mandamus, is valid. Local 381 argues that the second judgment entry is a nullity because the trial court was without jurisdiction to reconsider a previous entry that is a final appealable order. "The Ohio Rules of Civil Procedure do not prescribe motions for reconsideration after a final judgment in the trial court." Pitts v. Ohio Department of Transportation
(1981), 67 Ohio St.3d 378, ¶ 1 of the syllabus, 423 N.E. 2d 1105. If the trial court's first judgment entry, which ordered the issuance of the writ, is a final appealable order then the trial court's second judgment entry is a nullity. Id. at 379.
 {¶ 11} An order of the trial court is final and appealable only if the requirements of R.C. 2505.02 and Civ.R. 54(B) are met. Chef Italiano Corp. v. Kent State Univ. (1989),44 Ohio St.3d 86, syllabus. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and the appeal must be dismissed. Davison v. Rini (1996),115 Ohio App.3d 688, 692, 686 N.E.2d 278, 280-281. In the instant case, the March 17, 2004 order is final and appealable only if it affects a substantial legal right that (1) "in effect determines the action and prevents a judgment" or (2) is made in a "special proceeding." R.C. 2505.02(B)(1)-(2).[1] We also note that Civ.R. 54 is applicable as well, because Local 381 presented two claims for relief against multiple defendants. That rule permits a trial court to enter a final judgment on one claim or against a single party when multiple claims or multiple parties are involved, if the trial court expressly determines that there is "no just reason for delay." Civ.R. 54(B). The trial court's order did include the Civ.R. 54(B) language; however, we have previously noted that such a finding pursuant to Civ.R. 54(B) "does not make appealable an otherwise non-appealable order."Bautista v. Kolis (2001), 142 Ohio App.3d 169, 171-172,754 N.E.2d 820.
 {¶ 12} Clearly, the order affects a substantial legal right — "a legal right entitled to enforcement and protection by law[.]"In re Estate of Wyckoff (1957), 166 Ohio St. 354, 358,142 N.E.2d 660, 664. The union's right to have the City adhere to the promotional procedures it bargained for is entitled to enforcement and protection by law. The question we must address is whether the trial court's order determined the action and prevents a judgment or if this is a "special proceeding."
 {¶ 13} First, the trial court's March 17, 2004 order did not determine the action and prevent a judgment on Local 381's mandamus claim. The trial court's order did not issue a writ of mandamus, it merely made a finding that Captain Lonyo was entitled to the battalion chief vacancy because his was the only name remaining of the eligibility list. The court's order states that a "writ of mandamus shall issue," and then orders the union's counsel to prepare an appropriate writ. However, the order itself did not issue the writ. "A judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order." State ex rel Keith v.McMonagle, 103 Ohio St.3d 430, 2004-Ohio-5580, ¶ 4 (quotingBell v. Horton (2001), 142 Ohio App.3d 694, 696,756 N.E.2d 1241). The order contemplated that further action would need to be taken in order to effectuate both the declaratory judgment and the issuance of the writ of mandamus. Accordingly, the order did not determine the action or prevent a judgment.
 {¶ 14} Second, the case cannot be considered a "special proceeding." The claim at issue in this appeal, and the only claim that was altered in the second judgment entry, involved the mandamus action. The trial court did not alter its ruling on the declaratory judgment issue, and that ruling has not been appealed. With regard to the mandamus claim, such a claim was recognized at common law and therefore the March 17, 2004 order was not made in a special proceeding. McMonagle, at ¶ 5. Accordingly, the trial court's order was not final and appealable under R.C. 2505.02(B)(2).
 {¶ 15} Based on the foregoing, we find that the trial court's March 17, 2004 judgment entry was not a final appealable order. Therefore, the May 20, 2005 order granting reconsideration and denying issuance of a writ of mandamus, is valid. Local 381's first assignment of error is overruled.
 II. Mandamus {¶ 16} Regardless of whether the second judgment entry was valid, the central issue in this appeal is whether the trial court should have issued the writ of mandamus that Local 381 was seeking or provided "other appropriate relief" after it determined that as a matter of law Captain Lonyo was entitled to the battalion chief vacancy. Local 381's second and third assignments of error address this issue:
The trial court erred in denying, upon reconsideration,appellant's request for a writ of mandamus.
 The trial court erred in failing to order other appropriaterelief when it refused, upon reconsideration, to order a writ ofmandamus.
Local 381 argues that because the trial court held that Captain Lonyo was legally entitled to the position, it was error for the trial court to refuse to issue the writ or grant other relief.
 {¶ 17} However, before we address whether a writ of mandamus was appropriate, we must determine whether Local 381 had standing to seek this extraordinary writ. Although neither party has specifically addressed this issue, the issue of standing is jurisdictional in nature and may be raised sua sponte by a court. See Buckeye Foods v. Cuyahoga Cty. Bd. of Revision (1997),78 Ohio St.3d 459, 460, 678 N.E.2d 917; Warren Cty. Park Dist. v.Warren Cty. Budget Comm. (1988), 37 Ohio St.3d 68,523 N.E.2d 843. "It is well established that before an Ohio court can consider the merits of a legal claim, the person seeking relief must establish standing to sue." State ex rel. Ohio Academy ofTrial Lawyers v. Sheward (1999), 86 Ohio St.3d 451, 469,715 N.E.2d 1062 (citations omitted). As the Sheward Court noted, this concern is emphasized when the judiciary is dealing with an intrusion into the operation of one of the political branches. Id. If there are "no private rights of person or property in jeopardy, * * * [w]e are simply asked to regulate the affairs of another branch of government," and this is outside the judicial province. Pfeifer v. Graves (1913), 88 Ohio St. 473, 488,104 N.E. 529.
 {¶ 18} The question of standing involves whether the party who brought the claim "has alleged such a personal stake in the outcome of the controversy as to ensure that the dispute sought to be adjudicated will be presented in an adversary context and in a form historically viewed as capable of judicial resolution."Sheward, 86 Ohio St.3d at 469 (citations and internal quotations omitted). Standing in a mandamus action is limited. As the Supreme Court of Ohio has held:
Mandamus will lie to permit a private individual to compel apublic officer to perform an official act, where such officer isunder clear legal duty to do so, and where the relator has aninterest, such as that of a taxpayer, or he is being denied aprivate right or benefit by reason of such public officer'sfailure to take action to perform that act which he is under aclear legal duty to perform.
 State ex rel. Pressley v. Industrial Commission (1967),11 Ohio St.2d 141, ¶ 9 of the syllabus, 228 N.E.2d 631. Additionally, the Court has stated that when mandamus is sought "merely for the protection of private rights, the relator must show some personal or special interest in the subject matter, since he is regarded as the real party in interest and his rights must clearly appear." Sheward, 86 Ohio St.3d at 471-472.
 {¶ 19} It is clear in the instant case that Local 381 is seeking the enforcement of a private right, and is not asserting a public interest. The only interest asserted in the mandamus action is having Captain Lonyo promoted to the position of battalion chief. Although this is a public office, the public at large does not have any specific interest in seeing Captain Lonyo promoted to this position, when the position has already been filled by another qualified candidate. Were the position vacant, or were there some claim that Captain Clark was not qualified, there may be a public interest involved. See Id. at 472. However, where the only interest sought is having a private individual promoted to a position to which he believes he was entitled, the interest asserted is a private right.
 {¶ 20} Therefore, since the action is for the protection of a private right, Local 381 must show some personal or special interest in the subject matter, and it cannot. The only "special interest" the union can assert is that it is protecting the interests of its members. However, that interest is sufficiently protected through the use of a declaratory judgment action, which the union has already brought. Since there is an adequate remedy at law to protect that interest a mandamus proceeding is inappropriate. State ex rel Harris v. Rhodes (1978),54 Ohio St.3d 41, 42 ("In order to be entitled to a writ of mandamus, relator must show * * * that [it] has no plain and adequate remedy in the ordinary course of the law."). Therefore, the interest that the union asserts is not appropriate to a mandamus claim. The real interest at issue — Captain Lonyo's interest in receiving his promotion — is entirely personal to Captain Lonyo, and therefore he must be the one to bring the action in mandamus. Since Captain Lonyo has not brought this claim and has never been made a party to the litigation, the action in mandamus cannot lie.
 {¶ 21} Moreover, the record illustrates the conflict that is presented if we were to permit the union to bring a mandamus action in this manner. The union is seeking to protect the interest of one of its members in receiving a promotion that was arguably due to him; that promotion would be at the expense of another union member who would be adversely affected. The inevitable conflict for the union is problematic, as demonstrated by Local 381's attempts to seek alternative relief in the form of back pay if Captain Lonyo could not be made a battalion chief. In essence, Local 381 is attempting to have it both ways — Captain Lonyo would receive battalion chief's pay while the other union member, Captain Clark, could retain his promotion. It is for just this type of reason that Local 381 cannot be permitted to bring this action in mandamus.
 {¶ 22} Based on the foregoing, we find that Local 381 is without standing to bring this action in mandamus or to seek "other appropriate relief" on Captain Lonyo's behalf. Such an action must be brought by the real party in interest, and therefore Captain Lonyo himself is the only individual who can bring this mandamus action. Accordingly, Local 381's second and third assignments of error are overruled, because the trial court lacks jurisdiction to hear those claims.
 III. Civil Service Commission. {¶ 23} The CSC has filed a cross-appeal in this action, asserting one assignment of error:
The trial court abused its discretion and committed errorprejudicial to the Findlay Municipal Civil Service Commissionwhen it determined that declaratory relief was appropriate, andgranted summary judgment against it.
The standard of review for a grant of summary judgment is de novo. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129. Thus, a grant of summary judgment will be affirmed only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). In addition, summary judgment is not proper unless reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. Id.; see Zivishv. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367, 369-70. Summary judgment should be granted with caution, with a court construing all evidence and deciding any doubt in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 345, 360.
 {¶ 24} The party moving for summary judgment bears the initial burden of identifying the basis for its motion in order to allow the opposing party a "meaningful opportunity to respond." Mitzeff v. Wheeler (1988), 38 Ohio St.3d 112. The moving party also bears the burden of demonstrating the absence of a genuine issue of material fact as to an essential element of the case. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Once the moving party demonstrates that he is entitled to summary judgment, the burden shifts to the nonmoving party to produce evidence on any issue which that party bears the burden of production at trial. See Civ.R 56(E).
 {¶ 25} In the instant case, the parties filed cross-summary judgment motions on the declaratory judgment issue; the CSC now argues that the trial court should have granted summary judgment in favor of the CSC. The claim at issue is Local 381's request for declaratory judgment. We first note that it is clear that the trial court's finding that Local 381 was entitled to a declaratory judgment against the City of Findlay was proper. The CBA was silent with regard to what would happen if only one name remained on a certified eligibility list, and in that circumstance R.C. 124.48 would govern. Under the statute, the City was required to certify the existence of an eligible list to CSC, and the person remaining on the list should have been appointed to the position. R.C. 124.48 ("When an eligible list is in existence and a vacancy occurs in a position for which the list was established, the appointing authority shall certify the fact to the [CSC]. The person standing highest * * * shall be appointed within ten days.").
 {¶ 26} However, the evidence in the record establishes that there is no genuine issue of material fact with regard to whether the CSC acted properly under the circumstances. It was the City that erred in failing to certify the existence of an eligible list to the CSC. When the City instead certified to the CSC that no eligible list existed and ordered the CSC to establish a new list by competitive exam, CSC was required to conduct the examination by statute. R.C. 124.48 compels the CSC to act: "Whenever a vacancy occurs in a promoted rank in a fire department and no eligible list for such rank exists, the appointing authority shall certify the fact to the [CSC], andthe [CSC] shall within sixty days of such vacancy conduct acompetitive promotional examination."
 {¶ 27} Thus, although Captain Lonyo should have been promoted due to the fact that his was the only name on a valid eligibility list, the fact that he was not in fact promoted was an error on the part of the City and not an error of the CSC's. The CSC was required by law to conduct the examination after the City certified the existence of a vacancy and the non-existence of an eligible list for the position. CSC acted properly as a matter of law, and therefore the trial court erred in granting summary judgment in favor of Local 381 against the CSC.
 {¶ 28} Based on the foregoing, the CSC's assignment of error is sustained and the judgment of the trial court is reversed on that issue. This does not affect the issuance of a declaratory judgment against the City, as the trial court correctly held that Local 381 was entitled to summary judgment on that issue. However, the trial court should have also granted summary judgment in favor of CSC and dismissed the claims against it. Accordingly, the case is remanded to the trial court for further proceedings consistent with this opinion.
Judgment affirmed in part and reversed in part.
 Cupp and Rogers, JJ., concur.
[1] R.C. 2505.02(B)(3)-(5) are not applicable to the case sub judice, because the trial court's order does not vacate a judgment, grant or deny a provisional remedy, and this case cannot be maintained as a class action.