VILLAGE OF NORTH PERRY, APPELLANT, *v.* LAKE COUNTY BUDGET COMMISSION ET AL., APPELLEES.

[Cite as *N. Perry v. Lake Cty. Budget Comm.* (1994), 70 Ohio St.3d 46.]

(Nos. 93–1552 and 93–1932—Submitted May 25, 1994—Decided August 3, 1994.)

*Crabbe, Brown, Jones, Potts & Schmidt, John P. Kennedy, Larry H. James* and *David A. Morton; Cannon, Stern, Aveni & Loiacono* and *James V. Loiacono,* for appellant.

*Steven C. LaTourette,* Lake County Prosecuting Attorney, and *Michael P. Brown,* Assistant Prosecuting Attorney, for appellees.

---

*Per Curiam.* R.C. 5705.37 states:

"The taxing authority of any subdivision that is dissatisfied with any action of the county budget commission may, through its fiscal officer, appeal to the board of tax appeals within thirty days after the receipt by the subdivision of the official certificate or notice of the commission's action. * * *"

North Perry claims that the only notice it received of the actual assessment was contained in the letters sent by the health district. Consequently, so it argues, it may appeal from this notice. The commission responds that the appeals were untimely since North Perry filed them more than thirty days after it received notice of the commission's actions and because North Perry attempted to appeal the health district's action, not the commission's action.

"The right to appeal granted by R.C. 5705.37 is statutory, and an appellant must follow the statute." *Cincinnati v. Budget Comm. of Hamilton Cty.* (1988), 35 Ohio St.3d 252, 253, 520 N.E.2d 232, 234. In *Budget Comm. of Brown Cty. v. Georgetown* (1986), 24 Ohio St.3d 33, 24 OBR 76, 492 N.E.2d 826, syllabus, we stated:

"Pursuant to the express terms of R.C. 5705.37, the permissible time in which to perfect an appeal to the Board of Tax Appeals may be triggered by a subdivision's receipt of either the official certificate as set forth in R.C. 5705.37 or by receipt of notice as defined in R.C. 5747.51(J)."

The commission, in the instant case, sent the official certificates of resources in August of the year prior to each of the years in dispute. Further, the notice defined in R.C. 5747.51(J) is the published list of the subdivisions and the amount each is to receive from the undivided local governmental fund. The auditor must publish this notice in a local newspaper of countywide circulation, and send it by certified mail to each participating subdivision. This latter notice is not involved in this case.

Thus, R.C. 5705.37 required North Perry to file its notice of appeal within thirty days of receiving the official certificate of resources. This statute does not provide for filing an appeal from a notice issued by a health district informing subdivisions of its proposed budget, including therein, the actual assessment for the current year. Since North Perry failed to file its appeals within thirty days of receiving the official certificates of resources, the BTA correctly dismissed the appeals.

In truth, North Perry had some knowledge of its assessment prior to receiving the official certificates. According to the testimony of North Perry's clerk-treasurer, she attempted, in December 1989, to obtain information on 1990's assessment from the health district to prepare the 1990 budget. North Perry then included an assessment estimate in such budget. Moreover, according to Lake County's Chief Deputy Auditor, who handles the budgeting process for the auditor, North Perry's official certificate of resources reflects the assessment because such amount is deducted from real estate tax revenue to determine the exact amount of that revenue source.

Accordingly, we affirm the BTA's decisions because North Perry did not file timely appeals for each of the years in question.

*Decisions affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.