The PEOPLE of the State of Colorado,

In the Interest of M.G., D.H., and R.H., Children,

Upon the Petition of the El Paso County Department of Human Services, Petitioner–Appellee,

and Concerning S.H., Respondent–Appellant.

No. 05CA0048.

Colorado Court of Appeals, Div. IV.

Dec. 29, 2005.

Certiorari Denied Feb. 21, 2006.

Nancy J. Walker–Johnson, Colorado Springs, Colorado, Guardian Ad Litem.

William Louis, County Attorney, Laura C. Rhyne, Deputy County Attorney, Colorado Springs, Colorado, for Petitioner–Appellee.

Davide C. Migliaccio, Colorado Springs, Colorado, for Respondent–Appellant.

Opinion by: Judge RUSSEL.

In this dependency and neglect action, S.H. (mother) appeals from the trial court's order awarding her parents permanent legal custody of her children. We affirm.

## I. Background

The El Paso County Department of Human Services filed a petition claiming that mother's children—M.G., D.H., and R.H.— were dependent and neglected within the meaning of § 19–3–102, C.R.S.2005. The department alleged that mother had problems with substance abuse and was unable to provide for the children's basic needs. The trial court appointed counsel to represent mother and appointed a guardian ad litem for the children.

Mother failed to appear at the hearing on the department's petition. The court adjudicated the children dependent and neglected and awarded temporary custody to the department. The children were placed with mother's parents, who live across the street from mother.

Mother failed to appear at the hearing on the department's proposed treatment plan. The court approved the plan, requiring mother to undergo an evaluation for substance

abuse, cooperate with the caseworker, visit the children regularly, and demonstrate self-sufficiency.

Mother later informed the court that she wanted to discharge her attorney and represent herself. The court then allowed counsel to withdraw.

Mother did not comply with the treatment plan. As a result, the department sought to amend the permanency plan. The department proposed that it no longer attempt to reunify the children with mother and instead attempt to place the children with a relative. The department later filed a motion to award permanent custody of the children to mother's parents.

Mother appeared pro se at the hearing on the amended permanency plan. She told the court that she wanted a lawyer but could not afford one. The court found: (1) mother had voluntarily waived her right to counsel; (2) mother had failed to comply with the treatment plan; (3) it was unlikely that the children would return to mother's care within six months; and (4) the amended permanency plan was appropriate.

A month later, mother appeared pro se at the hearing on the motion for permanent custody. After hearing evidence and arguments, the court awarded permanent custody to mother's parents.

## II. Right to Counsel

Mother contends that she was deprived of her right to counsel during the hearings on the amended permanency plan and motion for permanent custody. We conclude that mother waived her right to counsel.

### A. Right is Statutory

■ We first consider whether mother's right to counsel was of constitutional or statutory dimension. This inquiry is necessary because the standards for waiver depend on the nature of the right at issue. *New York v. Hill,* 528 U.S. 110, 115, 120 S.Ct. 659, 664, 145 L.Ed.2d 560 (2000). We conclude that mother's right to counsel was purely statutory.

■ The Supreme Court has recognized that a parent may have a right to appointed counsel when the state seeks to terminate parental rights. *See Lassiter v. Dep't of Soc. Servs.,* 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981). However, this right will not be of constitutional dimension in every case. A parent has a due process right to counsel in termination proceedings "only where the parent's interests are at [their] strongest, where the state's interests are at their weakest, and the risks of error are at their peak." *C.S. v. People,* 83 P.3d 627, 636–37 (Colo.2004) (citing *Lassiter v. Dep't of Soc. Servs., supra,* 452 U.S. at 31, 101 S.Ct. at 2162).

■ It follows that a parent has no due process right to counsel when the state seeks, not to terminate parental rights, but merely to award custody of the children to other individuals. Although significant, the parent's interests are not as strong in this context because there is less at stake. If a parent loses custody, he or she nevertheless retains many rights, including the right to petition to regain custody or increase parenting time. *See L.L. v. People,* 10 P.3d 1271, 1277 (Colo.2000) (because an order granting custody is less drastic than an order of termination, due process does not require proof by clear and convincing evidence); *see also In re Arturo A.,* 8 Cal.App.4th 229, 238, 10 Cal. Rptr.2d 131, 136 (1992) (where termination was not at issue, parent's right to counsel was purely statutory and thus did not support a claim of ineffective assistance).

### B. Record Demonstrates Waiver

■ Because mother had no constitutional right to counsel, we need not consider whether the record demonstrates a knowing, voluntary, and intelligent waiver. *See Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) (standards for waiver of the fundamental constitutional right to counsel). Instead, we consider whether the record supports the trial court's factual finding of a voluntary waiver. *See People v. Duran,* 757 P.2d 1096, 1097 (Colo.App.1988); *see also People v. Bergen,* 883 P.2d 532, 539 (Colo. App.1994).

Here, the record supports the trial court's factual finding. Mother stated that she discharged her appointed attorney because she was dissatisfied with his services. Mother acknowledged that when she discharged counsel, she was told she would not receive another appointed attorney.

Because mother waived her statutory right, she was not deprived of the right to counsel or entitled to substitute counsel during the hearings on the permanency plan or the motion for permanent custody.

### III. Guardian Ad Litem

Mother also contends that the trial court erred when it refused to allow her to call the guardian ad litem (GAL) as a witness during the hearing on the amended permanency plan. We discern no basis for reversal.

If a GAL's recommendation is based on an independent investigation, he or she may be called as a witness and examined about his or her opinion. But if the GAL's recommendation is based on evidence received by the court from other sources, it is analogous to argument, and the court should not permit the GAL to be called as a witness. *People in Interest of J.E.B.*, 854 P.2d 1372, 1375 (Colo.App.1993).

Here, when questioned by the court, the GAL stated that her recommendation was based in part on independent interviews with the children, their therapists, and the caseworker. Mother was therefore entitled to call the GAL as a witness and examine her about the basis of her opinion.

However, mother did not indicate that she wanted to examine the GAL about the basis of her opinion. Mother stated that she wanted to ask one question to show that the GAL did not know the children well enough to match their pictures with their names. Because mother's line of inquiry was only marginally relevant, and because the department's request for an amended permanency plan was supported by substantial evidence, the court's ruling was, at most, harmless error. *Cf. People in Interest of L.L.*, 715 P.2d 334, 336–37 (Colo.1986) (admission of report from doctor who was not available to testify was harmless).

The order is affirmed.

Judge ROY and Judge CARPARELLI concur.