192 P.3d 508 (2008)
In the Matter of the Petition of C.A.O., Petitioner-Appellee,
FOR the ADOPTION OF G.M.R., Child, and Concerning M.T.R.-B., Sr., Respondent-Appellant.
No. 07CA1033.
Colorado Court of Appeals, Div. II.
July 10, 2008.
*509 Mark A. Dedrickson, P.C., Mark A. Dedrickson, Denver, Colorado, for Petitioner-Appellee.
M.T.R.-B., Sr., pro se.
Opinion by Justice ROVIRA.[*]
M.T.R.-B., Sr. (father) appeals from the decree permitting C.A.O. (stepfather) to adopt his daughter, G.M.R. (child). We remand for further proceedings.
Father's paternity was established by his admission in March 1999, when he was ordered to pay monthly child support to L.R.L.-O. (mother) and the parties stipulated *510 to unspecified parenting time. Father asserts that his child support obligation was later reduced. He was confined from June to October 2004 in the Douglas County jail and remains incarcerated since his arrest in April and sentence in September 2005. He is now in the North Fork Correctional Facility, a private correctional facility in Sayre, Oklahoma.
In August 2006, stepfather filed a petition for adoption of the child, alleging that father failed without cause to provide reasonable support and abandoned the child for a period of one year or more. Father was personally served and objected to the petition.
In his first motion to continue the hearing, father requested the appointment of counsel, arguing that he was incarcerated and could not afford an attorney. The trial court denied the request, stating that it had "no authority to appoint counsel in these proceedings."
After the hearing, which father participated in by telephone due to his out-of-state incarceration, the trial court determined that father failed to provide reasonable support for the child and had abandoned the child for at least one year, and adoption was in the child's best interest. The court then granted the petition to terminate and adopt.

I.
Initially, we address and reject father's contention that the district court lacked subject matter jurisdiction to hear and rule upon the petition for stepparent adoption. See In re Marriage of Pritchett, 80 P.3d 918, 920 (Colo.App.2003) (subject matter jurisdiction may not be waived and can be raised at any stage in the proceedings); see also People in Interest of D.P., 181 P.3d 403, 406 (Colo.App.2008). Both juvenile and district courts have exclusive original jurisdiction in adoption proceedings. In re Petition of R.G.B., 98 P.3d 958, 960 (Colo. App.2004).

II.
The petition for adoption was correctly brought under section 19-5-203(I)(d)(II), C.R.S.2007. Therefore, father's contention that the trial court erred in terminating his relationship even though mother had no intention of relinquishing her own parental rights is misplaced. See E.R.S. v. O.D.A., 779 P.2d 844, 847 (Colo.1989) (stepparent adoption proceeding necessarily includes the termination of the parental rights of the noncustodial parent).

III.
Father contends that because he was indigent the trial court's denial of his request for the appointment of counsel and an expert witness violated his constitutional right to due process. We conclude that the trial court did not apply the proper analysis concerning the appointment of counsel and remand for reconsideration of this issue.

A. Right to Counsel
An indigent parent's right to appointed counsel in termination proceedings resulting from an adjudication of dependency and neglect is secured by statute and not constitutional mandate. C.S. v. People, 83 P.3d 627, 636 (Colo.2004); In re Marriage of Hartley, 886 P.2d 665, 674 n. 16 (Colo.1994) (the constitutional right to assistance of counsel is limited to adult proceedings which are criminal in nature and equivalent juvenile cases).
There is no explicit right to counsel in a stepparent adoption proceeding. See §§ 19-1-105(2), 19-5-203(1)(d)(II), C.R.S. 2007. Thus, while parental termination proceedings following a dependency and neglect adjudication implicate a parent's fundamental liberty interests, the constitution does not require the appointment of counsel in every case. Instead, there is a presumption that there is no right to counsel in the absence of at least a potential deprivation of physical liberty. C.S., 83 P.3d at 636.
In determining whether an indigent parent has the right to appointed counsel in a termination proceeding resulting from a dependency and neglect adjudication, "a court is to consider: whether (1) the parent's interest is an extremely important one; (2) the State shares with the parent an interest in a *511 correct decision, has a relatively weak pecuniary interest, and, in some but not all cases, has a possibly stronger interest in informal procedures; and (3) the complexity of the proceeding and the incapacity of the uncounselled parent could be, but would not always be, great enough to make the risk of an erroneous deprivation of the parent's rights insupportably high." Id. at 636-37 (quoting Lassiter v. Dep't. of Soc. Servs., 452 U.S. 18, 31, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981).
Due process requires the appointment of counsel in termination proceedings initiated by the state only where the parent's interests are at their strongest, the state's interests are at their weakest, and the risks of error are at their peak. C.S., 83 P.3d at 637; People in Interest of M.G., 128 P.3d 332, 334 (Colo.App.2005) (no due process right to counsel where state sought only to award custody of the child to other individuals).
Other states have considered the analysis adopted in C.S. and applied the Lassiter factors to determine if an indigent parent is entitled to the appointment of counsel in an adoption proceeding between private individuals. See generally Patricia C. Kussmann, Right of Indigent Parent to Appointed Counsel in Proceeding for Involuntary Termination of Parental Rights, 92 A.L.R.5th 379 (2001). We agree that the C.S. factors should be considered to resolve father's due process argument in a stepparent adoption proceeding.
Termination of parental rights affects the parent's fundamental liberty interest. C.S., 83 P.3d at 636; L.L. v. People, 10 P.3d 1271, 1275-76 (Colo.2000) ("the interest of parents in the care, custody, and control of their children is perhaps the oldest of the fundamental liberty interests recognized by this Court") (quoting Troxel v. Granville, 530 U.S. 57, 65, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000), a case where permanent legal guardianship of the children previously adjudicated abused and neglected was vested in children's foster parents); People in Interest of J.C.S., 169 P.3d 240, 245 (Colo.App.2007) (dependency and neglect proceeding). Thus, a parent's interest in opposing termination resulting from a stepparent adoption is an important one.
Second, adoption is a creature of statute. In re T.K.J., 931 P.2d 488, 491 (Colo.App.1996). Therefore, although the state is not a party to stepparent adoption proceedings, it is an integral part of the process because only the state can officially decree termination of the parental relationship.
States have reached differing conclusions concerning the risk of an erroneous deprivation of the parent's rights. Compare K.L.J., 813 P.2d at 280-81 (although the legal issues in a given case may not be complex, a parent without counsel will be at a decided and frequently decisive disadvantage) and Jay, 150 Cal.App.3d at 264-65, 197 Cal.Rptr. 672 (while the legal concepts involved in a stepparent adoption may be simple to an attorney, they may not be to an indigent parent, whose need for counsel is compelling, and appointment of counsel furthers the state's interest in making the fact finding process more accurate), with In re D.D.D., 961 So.2d 1216, 1221 (La.Ct.App.2007) (parent's interests in stepparent adoption proceeding, while compelling, were not outweighed by state's interest to promote permanent placement of children into suitable homes and to conclude child-custody litigation in a timely manner; risk of erroneous decision was not great).
The decision whether due process calls for the appointment of counsel for indigent parents in stepparent adoption proceedings must be answered in the first instance by the trial court, subject to appellate review. Lassiter, 452 U.S. at 32, 101 S.Ct. 2153; K.A.S., 499 N.W.2d at 562-63; cf. C.S., 83 P.3d at 637 (reviewing record to agree with trial court that mother was not entitled to a third court-appointed attorney in dependency and neglect proceeding).
Here, the trial court concluded it had "no authority" to appoint counsel in a stepparent adoption proceeding without specifically considering C.S. or applying the Lassiter factors to determine whether the presumption that due process did not require counsel was overcome.
*512 Accordingly, we conclude that the case must be remanded to the trial court to reconsider father's request for the appointment of counsel after application of the factors discussed above.

B. Right to Expert
Because the record does not show that father requested the appointment of an expert in the trial court, we need not address that issue. See People in Interest of V.W., 958 P.2d 1132, 1134 (Colo.App.1998).

IV.
Because after considering the appropriate factors, the trial court may on remand determine that father is not entitled to court-appointed counsel, we address the following additional allegations of error.

A. Continuance
Father contends that the trial court's refusal to continue the hearing violated his right to due process. We disagree.
A motion for continuance is addressed to the sound discretion of the trial court, and its ruling will not be disturbed on appeal absent a clear abuse of that discretion. C.S., 83 P.3d at 638; People in Interest of A.J., 143 P.3d 1143, 1150 (Colo.App.2006). In ruling on the motion, the court should balance the need for orderly and expeditious administration of justice against the facts underlying the motion, while considering the child's need for permanency. See A.J., 143 P.3d at 1150.
Procedural due process requires notice and an opportunity to be heard. People in Interest of D.G., 733 P.2d 1199, 1202 (Colo. 1987); In re J.D.K., 37 P.3d 541, 543 (Colo. App.2001). Stepparent adoption proceedings are required to take place "as soon as possible." § 19-5-210(2), C.R.S.2007.
Here, although father's first request for a continuance was denied, the final hearing was not held until after the period of time father requested had passed. Father's second request sought an indefinite continuance based on his incarceration, lack of access to Colorado statutes, need "for preparation because of the complex and sensitive nature of this case," and to obtain representation and an expert witness. Both were denied, the first based on the findings that a continuance was not in the child's best interests, the case was not complex, and father's lack of access to Colorado statutes did not necessitate a continuance.
Without a transcript of the proceeding, which father attended by telephone, we must presume that he exercised his right to present and cross-examine witnesses. Father's numerous recitations to the Children's Code also negate the assertion that he was denied access to Colorado law. See Moody v. Corsentino, 843 P.2d 1355, 1377 (Colo.1993).
Accordingly, we conclude that father was not denied due process, and the trial court did not abuse its discretion in denying his motions to continue.

B. Sufficiency of the Evidence
Because no transcript was provided on appeal, we presume it would contain clear and convincing evidence to support the findings that (1) father failed without cause to provide reasonable child support for a period of one year or more, (2) abandoned the child for a period of one year or more, and (3) termination of the parent-child legal relationship was in the child's best interests. See People in Interest of D.C., 851 P.2d 291, 293 (Colo.App.1993).

V.
Petitioner requests attorney fees pursuant to C.A.R. 38(d). We conclude that father's appeal is not frivolous. See In re Taylor, 134 P.3d 579, 584 (Colo.App.2006).
The case is remanded for the trial court to reconsider father's request for the appointment of counsel and, if granted, further proceedings on the petition. If the request for appointment of counsel is denied, the judgment is affirmed, subject to father's right to appeal that determination.
Chief Judge DAVIDSON and Judge RULAND concur.
NOTES
[*] Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S.2007.