[Cite as *Tinch v. Seward*, 2022-Ohio-3276.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY


| | | |
|---|---|---|
| SHAWNA TINCH, | : | CASE NO. CA2021-12-023 |
| Appellee, | : | O P I N I O N<br>9/19/2022 |
| | : | |
| - vs - | : | |
| | : | |
| JAMES SEWARD, | : | |
| Appellant. | : | |


APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 22140035


Shawna Tinch, pro se.

Law Offices of Mark J. Miller, LLC, and Mark J. Miller, for appellant.


**M. POWELL, P.J.**

{¶ 1} Appellant, James Seward ("Father"), appeals a decision of the Madison County Court of Common Pleas, Juvenile Division, granting legal custody of his minor child to the child's mother, appellee, Shawna Tinch ("Mother").

{¶ 2} On May 20, 2021, Mother moved for legal custody of the child and further sought an order of ex parte emergency custody. On May 27, 2021, the juvenile court

granted emergency custody to Mother and scheduled the matter for a pretrial hearing on June 24, 2021. The juvenile court's entry specifically noted that the purposes of a pretrial hearing were "(1) to determine if the matter can be settled without a full hearing; (2) to determine how much Court time will be required for the full hearing if the matter cannot be settled by agreement between the parties (i.e. how many witnesses you will have and what documentary and tangible evidence you will submit); and (3) to address any need for temporary orders."

{¶ 3} On June 18, 2021, Father's counsel moved the juvenile court for a continuance of the pretrial hearing, stating he had recently been retained by Father and had a previously scheduled conflict in another county on June 24, 2021. The juvenile court granted the motion and rescheduled the pretrial hearing to July 22, 2021. On July 15, 2021, the juvenile court sua sponte rescheduled the pretrial hearing to August 3, 2021. On July 22, 2021, Father's counsel moved the juvenile court for a continuance of the pretrial hearing, stating he had a previously scheduled conflict in another county; counsel suggested September 14, 2021, as an alternative date to conduct the pretrial hearing. The juvenile court did not rule on the motion.

{¶ 4} On August 3, 2021, the matter proceeded to a pretrial hearing before a magistrate. Neither Father nor his counsel attended. The hearing was brief. Upon confirming that Mother was the child's natural mother and was unmarried at the time of the child's birth, the magistrate granted legal custody of the child to Mother pursuant to R.C. 3109.042.[1] On August, 25, 2021, the magistrate's decision was journalized in an entry and

---

1. Mother and Father were never married to each other. As a result, Mother is deemed the sole residential parent and legal custodian of the child by operation of law pursuant to R.C. 3109.042. Specifically, that statute states: "An unmarried female who gives birth to a child is the sole residential parent and legal custodian of the child until a court of competent jurisdiction issues an order designating another person as the residential parent and legal custodian. A court designating the residential parent and legal custodian of a child described in this section shall treat the mother and father as standing upon an equality when making the designation."

then adopted by the juvenile court as an order of the court in a separate entry. Two days later, Father filed a Civ.R. 60(B) motion to set aside the juvenile court's legal custody judgment. On September 23, 2021, the magistrate summarily denied Father's motion without a hearing.

{¶ 5} Father filed objections to the magistrate's denial of his Civ.R. 60(B) motion, which were overruled by the juvenile court on November 23, 2021. In overruling Father's objections, the juvenile court stated that (1) Father had notice of the August 3, 2021 pretrial hearing, (2) the juvenile court had not ruled upon Father's motion to continue the August 3, 2021 pretrial hearing, (3) the court "has had continuous issues with attorneys assuming a Motion for a Continuance will be automatically granted," (4) consequently, the court "has adopted a strict policy on this issue to move forward unless an Order to continue the case has been issued," and (5) "[i]t is the responsibility of the parties and their attorneys to appear for all hearings unless continued by Court Order."

{¶ 6} Father now appeals, raising two assignments of error.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING APPELLANT'S MOTION FOR A CONTINUANCE OF THE PRETRIAL, AND THEN PROCEEDING TO AWARD LEGAL CUSTODY TO APPELLEE AT THE PRETRIAL IN THE ABSENCE OF APPELLANT AND HIS COUNSEL.[2]

{¶ 9} Father argues that the juvenile court abused its discretion in failing to grant his motion to continue the August 3, 2021 pretrial hearing and in subsequently proceeding to grant legal custody of the child to Mother during the pretrial hearing in Father's absence.

---

2. Father's first assignment of error states that the juvenile court erred in overruling his motion to continue. As stated above, the court never ruled upon the motion. However, it is well established that where a trial court fails to rule on a motion, an appellate court will presume that the trial court overruled the motion. *Willis v. Willis*, 149 Ohio App.3d 50, 2002-Ohio-3716, ¶ 68 (12th Dist.).

- 3 -

Father asserts the following: the case had been pending only for a few months, having been filed on May 20, 2021; Mother was awarded temporary legal custody of the child on May 27, 2021; the July 22, 2021 pretrial hearing was rescheduled sua sponte by the juvenile court; Father had a legitimate reason for seeking the continuance as his attorney had a previously scheduled conflict in another county; the continuance was sought in a timely manner (i.e., only seven days after the juvenile court's sua sponte continuance); and Father sought a continuance of only a few weeks (i.e., from August 3, 2021, to September 14, 2021). Father further asserts that the juvenile court's judgment granting legal custody of the child to Mother without notice that such an order may result from the pretrial hearing and without affording him an opportunity to be heard on the matter was a denial of procedural due process.

{¶ 10} The decision to grant or deny a continuance is within the sound discretion of a trial court. *Reed v. Triton Servs., Inc.*, 12th Dist. Clermont No. CA2018-07-049, 2019-Ohio-1587, ¶ 16. An abuse of discretion implies that the juvenile court's decision was unreasonable, arbitrary, or unconscionable. *In re E.H.*, 4th Dist. Hocking No. 21CA6, 2022-Ohio-2417, ¶ 10. The abuse-of-discretion standard is deferential and does not permit an appellate court to simply substitute its judgment for that of the trial court. *Id.*

{¶ 11} In ruling upon a motion for a continuance, the trial court balances the court's right to control its docket and the public's interest in a prompt and efficient judicial system with the possibility of prejudice to the defendant. *State v. Unger*, 67 Ohio St.2d 65, 67 (1981); *In re R.S.*, 12th Dist. Butler No. CA2011-03-053, 2011-Ohio-4247, ¶ 16. In evaluating a motion for a continuance, a court may consider the following: the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel, and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived;

- 4 -

whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the facts of the case. *Unger* at 67-68.

{¶ 12} Considering that the case involves a child custody issue, that courts must act expeditiously in child custody determination, and that the pretrial hearing had been continued twice previously, we find no abuse of discretion in the juvenile court's failure to grant Father's motion to continue the pretrial hearing and its decision to proceed with the pretrial hearing on August 3, 2021. However, based upon the facts of this case, we find that the juvenile court's judgment granting legal custody of the child to Mother without notice that such an order may result from the pretrial hearing and without affording Father an opportunity to be heard on the matter was a denial of procedural due process.

{¶ 13} "It is well recognized that the right to raise a child is an 'essential' and 'basic' civil right." *In re Hayes*, 79 Ohio St.3d 46, 48 (1997). Furthermore, a parent's right to the custody of his or her child is "paramount" and one of the oldest fundamental liberty interests recognized by American courts. *Id.*; *In re A.N.B.*, 12th Dist. Preble No. CA2012-12-017, 2013-Ohio-2055, ¶ 13.

{¶ 14} The cornerstone of procedural due process is the opportunity for a fair hearing appropriate to the nature of the case, granted at a meaningful time and in a meaningful manner. *Boddie v. Connecticut*, 401 U.S. 371, 378, 91 S.Ct. 780 (1971). Due process of law "implies, in its most comprehensive sense, the right of the person affected thereby to be present before the tribunal which pronounces judgment upon a question of life, liberty or property, to be heard, by testimony or otherwise, and to have the right of controverting, by proof, every material fact which bears on the question of the right involved." *Williams v. Dollison*, 62 Ohio St.2d 297, 299 (1980).

{¶ 15} Mother moved for legal custody of the parties' child in May 2021. On May 27,

2021, the juvenile court granted Mother temporary legal custody of the child and scheduled the matter for a *pretrial* hearing. In its entry, the court specifically noted that the purposes of the pretrial hearing were three-fold: (1) to determine whether the issue of the child's legal custody could be settled without a full hearing, (2) to determine how much time a full hearing would require in the event the matter could not be settled by agreement between the parties, and (3) to address any need for temporary orders. The pretrial hearing was subsequently rescheduled twice, once upon Father's motion for a continuance and once sua sponte by the juvenile court. Neither the juvenile court's May 27, 2021 Entry and Notice of Hearing nor its subsequent continuance entries notified the parties of the court's "strict policy to move forward unless an Order to continue the case has been issued," or that failure to attend the *pretrial* hearing would result in a default judgment. Then, on August 3, 2021, the magistrate unilaterally converted the scheduled pretrial hearing into a legal custody hearing, thereby granting legal custody of the child to Mother. Notwithstanding the fact Mother was the sole residential parent and legal custodian of the child by operation of law pursuant to R.C. 3109.042, Father's failure to attend the August 3, 2021 pretrial hearing was the basis for the magistrate converting the pretrial hearing and proceeding to award legal custody of the child to Mother.

{¶ 16} In a case involving a children's services agency's motion for permanent custody and a mother's failure to appear at a scheduled pretrial review hearing on the motion, we reversed a juvenile court's default judgment against the mother and grant of permanent custody to the agency. *In re C.M.*, 12th Dist. Butler No. CA2014-10-204, 2015-Ohio-1702. In that case, although the mother knew about the pretrial hearing, she had not been provided notice that permanent custody would be addressed at the pretrial hearing. In reversing the juvenile court's decision, we held that "the juvenile court's decision to unilaterally convert the scheduled review hearing into a permanent custody hearing, thereby

- 6 -

awarding permanent custody to BCDJFS, violated appellant's due process rights." *Id.* at ¶ 11. "The additional burden of following the case schedule and resolving the permanent custody matter after providing appellant with notice of the evidentiary hearing is necessary in light of the paramount rights involved in a permanent custody case." *Id.*

{¶ 17} The same reasoning applies here. While the case at bar is a legal custody case and not a permanent custody case involving the termination of parental rights, Father had a due process right to notice that the juvenile court would consider an award of legal custody to Mother at the pretrial hearing if he failed to appear at the hearing. The juvenile court's decision to unilaterally convert the scheduled pretrial hearing into a legal custody hearing, thereby awarding legal custody of the child to Mother without adequate notice to the parties and without affording Father an opportunity to be heard on the matter was a denial of procedural due process.[3] Therefore, based upon the facts of this case, the juvenile court erred by awarding Mother legal custody of the child at the August 3, 2021 pretrial hearing.

{¶ 18} We reverse and vacate the juvenile court's August 25, 2021 judgment awarding legal custody of the child to Mother and remand the case to the juvenile court to consider Mother's legal custody motion according to law and consistent with this opinion.

{¶ 19} Father's first assignment of error is sustained.

{¶ 20} Assignment of Error No. 2:

{¶ 21} THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING APPELLANT'S TIMELY FILED CIVIL RULE 60(B) MOTION TO SET ASIDE THE TRIAL COURT'S JUDGMENT AWARDING LEGAL CUSTODY TO APPELLEE.

---

3. In so holding, we do not condone Father's failure to appear and participate in the August 3, 2021 pretrial hearing. The juvenile court could have sanctioned Father for his failure to appear. However, entering judgment in Mother's favor without notice to Father was not a proper sanction.

{¶ 22} Father argues the juvenile court abused its discretion in denying his Civ.R. 60(B) motion. The motion asserted that Father's failure to attend the August 3, 2021 pretrial hearing was excusable neglect due to his counsel's scheduling conflict. Our ruling on the first assignment of error renders this assignment of error moot and it need not be considered. App.R. 12(A)(1)(c); *In re J.C.B.*, 12th Dist. Butler No. CA2022-02-019, 2022-Ohio-3098.

{¶ 23} Judgment vacated and remanded.

PIPER and BYRNE, JJ., concur.