25CA1025 Peo in Interest of JWK 10-30-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA1025
Kit Carson County District Court No. 24JV30000
Honorable Stephanie M.G. Gagliano, Judge

---

The People of the State of Colorado,

Appellee,

In the Interest of J.W.K., a Child,

and Concerning K.L.W.,

Appellant.

---

JUDGMENT AFFIRMED

Division V
Opinion by JUDGE FREYRE
Pawar and Yun, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 30, 2025

---

Koy Dingboom Oates LLC, Jeffrey C. Koy, Lauren Dingboom, Jordan Oates, Catherine Kleindl, Englewood, Colorado, for Appellee

Debra W. Dodd, Guardian Ad Litem

The Morgan Law Office, Kristofr P. Morgan, Colorado Springs, Colorado, for Appellant

¶ 1     In this dependency and neglect case, K.L.W. (mother) appeals the judgment adjudicating J.W.K. (the child) dependent or neglected.  We affirm.

## I.     Background

¶ 2     In March 2024, the Kit Carson County Department of Human Services (Department) initiated a petition in dependency or neglect after receiving reports of substance abuse and domestic violence occurring in the family home, as well as reports of educational neglect.  Mother denied the allegations in the petition and requested an adjudicatory court trial.

¶ 3     At the conclusion of the adjudicatory trial, the juvenile court found that the Department had proved the allegations in the petition and adjudicated the child dependent or neglected.  Mother appeals.

## II.     Due Process

¶ 4     Mother's sole contention on appeal is that the juvenile court violated her right to due process by refusing to appoint counsel for her at the adjudicatory hearing and requiring her to appear pro se.  For reasons described below, we reject mother's argument.

A.    Applicable Law and Standard of Review

¶ 5    To satisfy procedural due process at the adjudicatory phase of a dependency and neglect proceeding, the parent must be afforded (1) notice of the allegations; (2) the right to challenge them at trial; (3) the chance to present evidence in their favor; and (4) the right to be represented by an attorney. *People in Interest of J.G.*, 2016 CO 39, ¶ 25. However, a parent may not obtain relief on a due process claim absent a showing of harm or prejudice. *People in Interest of J.A.S.*, 160 P.3d 257, 262 (Colo. App. 2007).

¶ 6    The Children's Code further provides that parents have a right "to be represented by counsel at every stage" of a dependency and neglect proceeding, including an adjudicatory hearing. § 19-3-202(1), C.R.S. 2025; *C.S. v. People in Interest of I.S.*, 83 P.3d 627, 636 (Colo. 2004).

¶ 7    To invoke the right to counsel, a parent must make a timely request for appointment of counsel and failure to make a timely request will result in a waiver of the right. *People in Interest of Z.P.*, 167 P.3d 211, 214 (Colo. App. 2007); *People in Interest of L.A.C.*, 97 P.3d 363, 367 (Colo. App. 2004).

2

¶ 8     Because the right to counsel in the adjudicatory phase of a dependency and neglect proceeding is a statutory right, not a constitutional right, a waiver "must be voluntary, but need not be knowing and intelligent." *People in Interest of B.H.*, 2021 CO 39, ¶ 69 (quoting *Finney v. People*, 2014 CO 38, ¶ 16); *see also People in Interest of M.G.*, 128 P.3d 332, 334 (Colo. App. 2005) (a parent does not have a due process right to counsel when the state is not seeking to terminate parental rights). A waiver is voluntary if it is "the product of a free and deliberate choice rather than intimidation, coercion, or deception." *B.H.*, ¶ 68 (quoting *Berghuis v. Thompkins*, 560 U.S. 370, 382 (2010)). The waiver may take the form of an express statement, or in some cases, it can be implied. *Id.* at ¶¶ 67, 70 ("[A] person impliedly waives a statutory right through freely chosen conduct that clearly manifests an intent to relinquish the right or is inconsistent with its assertion.").

¶ 9     We review due process claims de novo. *People in Interest of R.J.B.*, 2021 COA 4, ¶ 26. The waiver of counsel is a mixed question of law and fact. *B.H.*, ¶ 50. We will not disturb the court's findings of fact if they are supported by competent evidence, but we assess the legal significance of those facts de novo. *Id.*

3

## B.    Additional Background

¶ 10    In March 2024, at the temporary custody hearing, mother reported she wanted to explore private counsel.  In the interim, the court provisionally appointed counsel for mother.  At a later hearing, mother requested the court appoint counsel for her.  The court instructed mother on how to obtain the proper form for court appointed counsel and, upon receipt of the form, granted mother's request and formally appointed counsel for mother.

¶ 11    In July 2024, mother's counsel informed the court that mother was no longer requesting representation and was prepared to proceed without an attorney.  The court asked whether mother wanted another court-appointed attorney or wished to represent herself.  Mother responded that she intended to hire private counsel.  After a further exchange between mother, mother's counsel, and the court, the court allowed mother's counsel to withdraw.

¶ 12    At all subsequent hearings, mother proceeded pro se, neither requesting additional court-appointed counsel nor hiring private counsel.  Later, at two hearings that occurred immediately before the adjudicatory trial, the court asked whether mother intended to

4

proceed with the court trial. On both occasions, mother confirmed her intention to do so.

¶ 13     In November 2024, shortly before the adjudicatory hearing was scheduled to begin, mother filed a "Motion to Stay Proceedings Due to Ineffective Counsel and Lack of Legal Knowledge." In the motion, mother requested a "stay of the proceedings" and asked for court-appointed counsel or additional time for mother to either proceed pro se "with proper guidance" or to retain private counsel.

¶ 14     At the outset of the adjudicatory hearing, the court pointed out that mother had appeared at a pretrial hearing the previous week, was aware of the upcoming adjudicatory trial, and had never indicated that she was seeking or in need of counsel. The court also noted mother had previously been appointed counsel, but had "chose voluntarily, knowing the risks of doing so, to proceed pro se." The court then denied the motion, required her to proceed pro se, and resumed the hearing.

## C.     Analysis

¶ 15     The Department and the guardian ad litem contend that mother voluntarily waived her right to counsel, and therefore her

appellate claim fails. We agree and conclude that the record supports the court's findings.

¶ 16    At the July 2024 hearing, mother asked her court-appointed counsel to withdraw. As her counsel explained, mother "just wants to make the decisions regarding the process: Which motions to file, which arguments to make. And . . . I believe that's where the issue is with an attorney is that she wants to dictate that and doesn't agree with the decisions that I make." Mother declined the court's offer to appoint new counsel for her. While mother reported she wanted to retain private counsel, she ultimately never hired one. Instead, mother requested an adjudicatory court trial, demanded discovery from the parties, filed motions with the court, and appeared at hearings pro se. It was not until the day of the adjudicatory trial — a mere *eighteen minutes* before it was set to begin — that mother requested additional court-appointed counsel.

¶ 17    Thus, we conclude the record shows mother waived her statutory right to counsel by asking her appointed attorney to withdraw, declining reappointment of counsel, continuing to appear pro se, and failing to timely request appointment of new counsel. *See B.H.*, ¶¶ 67, 70; *Z.P.*, 167 P.3d at 214.

¶ 18    Nevertheless, even if we assume mother did not waive her right to counsel, mother has failed to demonstrate how the absence of counsel created actual prejudice so her due process claim still fails. *See J.A.S.*, 160 P.3d at 262. While mother generally asserts that she "struggled to present her case," she does not point us to any specific argument or evidence that court-appointed counsel could have presented to alter the juvenile court's determination that the child was dependent or neglected.

¶ 19    Indeed, the record establishes the risk of an erroneous result at the adjudicatory hearing was low. *See People in Interest of E.B.*, 2022 CO 55, ¶ 17 (holding that a parent cannot prevail on a due process claim absent a showing of harm or prejudice). The evidence at the hearing showed that mother (1) refused to submit to any court ordered sobriety monitoring; (2) repeatedly allowed her partner into the family home despite active mandatory protection orders preventing him from being near mother; (3) failed to comply with two safety plans; (4) allowed known drug users or individuals involved in concerning criminal activity into the family home; and (5) had law enforcement respond to the family home "on several occasions due to domestic violence, with the child present."

¶ 20 The record further shows that mother had a meaningful opportunity to be heard and to present her defense. While all parties were ordered to appear in person for the adjudicatory trial, mother appeared virtually, explaining that her car trouble prevented her from appearing in person. Despite the court order, the court allowed mother to participate virtually, expressly stating it "wanted to afford [mother] every opportunity to be heard on this matter." Mother participated fully in the adjudicatory hearing: she made opening and closing statements, objected to various testimony, cross-examined witnesses, and presented her own testimony and arguments.

¶ 21 Accordingly, we discern no due process violation and therefore no basis for reversal.

### III. Disposition

¶ 22 The judgment is affirmed.

JUDGE PAWAR and JUDGE YUN concur.